## GARRARD v. ZACHARIAH.

In debt on a promissory note, it is a good bar that, after making and before maturity of the note, the parties agreed that the maker should buy and deliver specific articles to payee in satisfaction, and that the maker bought and tendered the articles accordingly, and payee refused to receive them; and it is not necessary to aver that defendant yet has them ready to deliver, or that he abandoned them.

IN the Circuit Court of Lauderdale county, George Zachariah declared in debt against William W. Garrard, on a promissory note for $100. Defendant plead that after making and before maturity of the note, he and plaintiff agreed that he should buy of John L. Wood 15,000 feet of plank, and deliver it to the plaintiff six months before the note became due, and that he would receive it in satisfaction of the note; that defendant accordingly bought and tendered the plank to the plaintiff, who refused to receive it. To this plea the plaintiff demurred. Demurrer sustained and judgement for plaintiff. Garrard assigned this matter as error.

MARTIN, for plaintiff.

MARSHALL and WOOLDRIDGE, for defendant in error.

JUDGE TAYLOR delivered the opinion of the Court.

IT has been contended by the counsel for the plaintiff in error, that the agreement constituted the maker the agent of the payee; and that as soon as the plank was purchased, it became the property of the payee, and the note was *ipso facto* discharged. This is obviously an untenable position. It is not necessary to sustain it, in order to support this plea. The plea shows a new executory contract, which when executed, was to discharge the note. The defendant, to perform his part of the contract, was to buy the plank (and of course to pay money or incur a debt to the amount of its cost) and deliver it to the plaintiff. It cannot be, nor is it denied, that the performance of this new agreement would discharge the defendant from liability on the note. But it is contended, that although he bought the plank, and tendered it to the plaintiff, yet as he refused to receive it, the defendant must abandon it, or keep it ready to be delivered to the

plaintiff when he may demand it, and that the plea should
have averred that one or the other of these things had
been done. The rules which apply to a tender of money
ought not to govern a tender of specific articles. Money
can be kept without expense, and with little comparative
risk; not so as to bulky or heavy articles. If one con-
tracts to pay another twenty horses at a specified day,
buys them and has them ready to deliver at the day, and
the other party refuses to receive them, would it be rea-
sonable, that he who had contracted to deliver the horses,
should keep them for an indefinite length of time, ready
to deliver to the other party on demand, or should aban-
don them, in order to be discharged from liability on his
contract? I think not. Whether a party, who after making
such a tender, which is refused, converts the property to
his own use, would be liable in an action of trover, or
not, it is not necessary now to determine.

It is the unanimous opinion of the Court, that the ten-
der of the specific articles, in conformity with the con-
tract, was a discharge of the contract; and that no other
averments than those made, were necessary in the plea.
For the support of this opinion, see Chipman on Contracts.

Judgement reversed and cause remanded.