# Samples *v.* Guyer.

### *Action of Trover.*

1. *Rescission of contract for fraud; what necessary.*—In order to rescind a contract for fraud, the party offering to rescind must exercise the right within a reasonable time after the discovery of the fraud and must place the other party *in statu quo* by restoring to him, or offering to restore to him, whatever of value he may have received under the contract; the mere offering to rescind, without restitution or an offer of restitution, not authorizing a rescission of the contract.

2. *Same; right waived by use of property acquired.*—Where the vendor of personal property practices a fraud upon the purchaser in a sale, but after discovering the fraud the purchaser retains possession and control of the property and employs it in his services, using it as his own, he waives the right to rescind the contract of sale, and by such acquiescence in the sale he is remitted to an action for the recovery of damages for the fraud practiced upon him.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, John W. Guyer, against the appellant, R. H. Samples. The facts of the case pertaining to the rulings of the court reviewed on the present appeal, are sufficiently stated in the opinion.

There was judgment for the plaintiff. The defendant appeals, and assigns as error, among other rulings of the trial court, the overruling of the demurrers to the plaintiff's replications to defendant's special pleas.

E. W. GODBEY, for appellant.—The plaintiff was not entitled to rescind the contract. He did not offer to return the money acquired by him in the exchange of property with the defendant. But even if the plaintiff had offered to return the mule and the money, he could not have rescinded the contract, because the subsequent

use of the mule by plaintiff as his property, waived any right he may have had because of the fraud.—*McCulloch v. Scott*, 13 B. Monroe, 372.

SPEAKE & RUSSELL, *contra*, cited *Burnett v. Stanton*, 2 Ala. 181; *Whitworth v. Thomas*, 83 Ala. 308; *Jones v. Anderson*, 82 Ala. 302; *Thompson v. Harvey*, 86 Ala. 522; *Brown v. Freeman*, 79 Ala. 406; *Root v. Johnson*, 99 Ala. 90; *Padden v. Marsh*, 34 Iowa 522.

DOWDELL, J.—This was an action by appellee against appellant for the conversion of a mule; and defendant pleaded the general issue, and also two special pleas, setting up, in the first, that he obtained the mule, for the conversion of which he was sued, by an exchange with plaintiff of another mule and $2.50, and that plaintiff retained the mule thus obtained, after all cause, if any, for the rescission had become known, and that he used said mule as long as he was able to be used. The second plea is substantially the same, with the additional averment that plaintiff used and worked the mule so obtained until he became physically disabled from performing any work. To these pleas, the plaintiff replied specially in these words: 1st. "That on the 26th day of March, 1895, he exchanged or swapped mules with defendant near Somerville, Ala. That in said exchange or swap and as an inducement to plaintiff to make the same, the defendant represented that the mule he was trading to plaintiff, and which is referred to in said special plea, 'as which other mule' was sound, gentle, and not eight years old. That after the exchange he drove the mule home, and during that evening, and prior to his seeing the defendant on the morning of March 27, 1895, he discovered and ascertained that the said mule was wild, unsound, and about fifteen years of age; that on the morning of March 27, 1895, he went to the home of defendant, and told him that he, the defendant, had misrepresented said mule, and demanded a rescission of the contract, having with him at the time said mule, and the $2.50 paid by the defendant as boot; that he demanded a rescission on the grounds of misrepresentation of defendant; that the defendant peremptorily declined to

make a rue bargain or rescind the trade; that plaintiff then carried the mule and the money back to his home; that he took good care of the mule, and gave it good attention and feed, and used the mule from that time to the month of May, 1895, when the same died; that he only used the mule in doing light work, for about five days, during the time he was in his possession; that such was not more than moderate exercise for the mule, and such service was not worth more than the feed, care and attention given said mule; that on the evening of March 27, 1895, and before plaintiff again saw the defendant, he, the defendant, traded or sold said mule to E. H. Peck, and parted with the possession of said mule." 2d. "For further answer to defendant's special pleas one and two, plaintiff joins issue thereon." To the first special replication, defendant filed the following demurrers: "1. It is no answer to said pleas. 2. It fails to show a rescission or sufficient demand therefor, in that it fails to aver a tender of the money received from defendant. 3. Said replication fails to aver an offer to return the money to defendant. 4. Any use for his (plaintiff's) own benefit of the mule received from defendant was a waiver of any right plaintiff may have had to rescind. 5. Said plea shows a use of the mule obtained from defendant that is and was inconsistent with plaintiff's right to rescind, if any such right he had. The use of the mule after knowledge of the alleged defects was inconsistent with an election to rescind. 7. Plaintiff had no right to use the mule if he elected to rescind, even for the purpose of compensating him for its feed and maintenance. 8. Said replication fails to show that plaintiff offered to restore the defendant to his former position, or put him *in statu quo*. 9. Said replication shows that defendant can not now be placed *in statu quo*." The demurrers were overruled, and the overruling of them forms the matter of the first eleven assignments of error.

1. The replication is subject to the causes of demurrer assigned. The principle is elementary, that a rescission of a contract because of fraud, can not be had, unless the party claiming to have been defrauded places the other party *in statu quo*; and this involves the resti-

tution, or the offer of restitution, of whatever of value he may have received under the contract. "The rule as to which placing *in statu quo*," observes Mr. Bishop, "is that the one proceeding to rescind must either give back or offer to return, whatever of any value to himself or the other he has received under the contract, yet he need not include in this what is without possible benefit." Bishop on Contracts, § 679 ; 1 Whart. Contracts, § 285 ; *Young v. Arntz,* 86 Ala. 116 ; *Egan v. Johnson,* 82 Ala. 233 ; *Burnett v. Stanton,* 2 Ala. 181. Construing the replication, as it must be construed, most strongly against the pleader, it can not be accepted as averring that the plaintiff offered to make restoration of the mule and the money he had received on the exchange. It avers no more than that having the mule and money with him, he demanded rescission which was refused. This was not sufficient ; if issue had been taken on the replication, the burden of proving restitution, or the offer of restitution, would not have been cast on the plaintiff ; the averments would have been satisfied by evidence, that the plaintiff demanding rescission had the ability to make restitution, dispensing with all evidence of an offer to make it.

2. The replication shows that after the fraud practiced on him in the exchange, and after the demand of rescission had been refused, the plaintiff retained possession of the mule, using and working it as his own. Such use can not be justified, as is attempted by the replication, on the ground that the work was light, not more than moderate exercise for the mule, and not worth more than the feed, care and attention given it. The exchange was rescinded, or it was not rescinded, by the demand of rescission made upon the defendant. The plaintiff had the right (if the demand had been accompanied with restitution, or the offer of restitution) to treat the exchange as rescinded, and leave the mule on the premises of defendant, to which he had taken it. If there was the fraud in the exchange, averred in the replication, the legal effect of the demand of rescission, accompanied with the offer of restitution, although refused by the defendant, was rescission if the plaintiff chose so to consider it.—*Burnett v. Stanton,* 2 Ala. 181 ; *Dill v. Camp,* 22 Ala. 249 ; s. c., 27 Ala. 243 ; *McCulloch*

*v. Scott*, 13 B. Monroe, 172; s. c. 56 Am. Dec. 561. The principle is stated in Benjamin on Sales, (Bennett's ed.), § 452: "In every case where a buyer has been imposed on by the fraud of the vendor, he has the right to repudiate the contract, a right correlative with that of the vendor to disaffirm the sale when he has been defrauded. The buyer under such circumstances may refuse to accept the goods, if he discovers the fraud before delivery, or return them if the discovery be not made till after delivery; and if he has paid the price, he may recover it back on offering to return the goods in the same state in which he received them. And this ability to restore the thing purchased unchanged in condition is indispensable to the exercise of the right to rescind, so that if the purchaser has innocently changed that condition while ignorant of the fraud he can not rescind. But the contract *is only voidable, not void*, and if after discovery of the fraud he acquiesces in the sale by express words or by any unequivocal act, such as treating the property as his own, his election will be determined, and he can not afterwards reject the property." A case cited by Mr. Benjamin, in a subsequent section as illustrative, is that of *Parker v. Palmer*, 4 Barn. & Ald. 387, cited also in *Burnett v. Stanton, supra*, and *Dill v. Camp, supra*, in which a purchaser of rice after discovering that it did not correspond to the samples furnished by the vendor, and inducing the purchase, "offered the rice for sale at a limited price at auction, but the limit was not reached, and the rice was not sold. He then rejected it as inferior to the sample; but the court held, that by dealing with the rice as owner, after seeing that it did not correspond with the sample, he had waived any objection to it on that score." By leaving the mule on the premises of the defendant (which, however, we do not decide in all cases to be necessary), when he carried it there to demand rescission, freeing himself from all future care or responsibility for it, the plaintiff would have demonstrated unequivocally his determination to abide by the tender of the mule and the money received as "boot," and to rescind the contract. But when he retained possession and control of the mule, employing it in his service, as if it were his own, he waived the

right to rescind, remitting himself to an action for the recovery of damages for the fraud practiced in the exchange.—*McCulloch v. Scott, supra; Burnett v. Stanton, supra; Dill v. Camp, supra.* The demurrers to the replication should have been sustained.

This conclusion renders unnecessary a review of the findings of the court below on the facts ; or of the rulings on the admission or exclusion of the evidence, as it is not probable the same questions will arise on a future trial.

The judgment is reversed and the cause remanded.

The foregoing opinion was prepared by BRICKELL, C. J., and is adopted by the court.