# Hayes *v.* Woodham.

## *Detinue.*

(DECIDED APRIL 3, 1906, 40 So. REP. 511.)

1. *Exchange of Property; Rescission of Contract; Effect*—Where one receives a horse in exchange for a mule, and the horse is represented to be sound, but in fact his sight is defective, and upon discovering this fact such person immediately returns the horse and demands the return of the mule, the contract of exchange was at an end, and he was entitled to maintain detinue for the mule.

[Hayes v. Woodham.]

2.  *Same; Offer of Rescission; Disposition of Property.*—Where one
    offers to rescind by making a tender of the property, for suf-
    ficient reason, and the other refuses to rescind or receive the
    property, the one offering rescission may abandon the property,
    but is not bound to do so, and if he does not, he is con-
    sidered the bailee of the other, and may use the property as
    such bailee.

APPEAL from Marshall Circuit Court.

Heard before Hon. JAMES A. BILBRO.

This was an action of detinue, begun by appellant
against appellee for the recovery of a mule. The evi-
dence tended to show that plaintiff and defendant en-
tered into a trade by which plaintiff exchanged a mule
for a horse belonging to defendant; that the defendant
represented the horse to be perfectly sound, but that af-
terwards plaintiff discovered that the horse's eyes were
unsound, and upon a discovery of the defect plaintiff
carried horse to defendant, tendered him the horse,
and requested a rescission of the trade which
defendant refused to rescind, and also refused to
receive the horse and deliver to plaintiff the mule. The
evidence further tended to show that afterwards the
plaintiff turned the horse out on the commons, telling
defendant that the horse was defendant's and that plain-
tiff would have nothing further to do with it, and de-
manding of defendant the mule; that after that plain-
tiff took the horse up off the commons and used it some.
There was conflict in the testimony as to these facts.
At the request of the defendant the court gave the gen-
eral affirmativ charge to find for the defendant.

STREET & ISBELL, for appellant.—The affirmative
charge was improperly given for appellee. The case of
*Sample v. Guyer*, 120 Ala. 611, is not an authority in
point to support its giving. Under the facts of this case
the relation of bailor and bailee existed.—*Dill v. Camp*,
22 Ala. 259. The rule of law applicable to cases of this
kind is well stated in the case of *Aldvord v. Davenport*,
43 Vt. 30. It is generally not only the right but the
duty of the bailee, to use the property so far as neces-

sary to its preservation. If the property is of a nature which requires expenses to keep it, the bailee may use it reasonably to compensate himself.—5 Cyc. 176; *Bowling v Kirby*, 24 Am. St. Rep. 789 and note; *Dill v. Camp*, 22 Ala. 259.

JOHN A. LUSK, for appellee.—The buyer or vendee of goods cannot rescind the sale on account of fraudulent representation, if he uses the goods after knowledge of fraud or misrepresentation, or treats the sale as binding in any manner.—*Hodge v. Tufts*, 115 Ala. 366. A party who treats a contract as valid, after discovering the fraud, thereby waives his right to rescind on that ground.—*Stevenson v. Allison*, 123 Ala. 439. By acquiescence in the sale, the purchaser is remitted to an action for the recovery of damages for any fraud practiced upon him.—*Sample v. Guyer*, 120 Ala. 611. The mere offer to rescind without restitution or offer of restitution does not authorize a rescission of the contract.—*Sample v. Guyer, supra.*

TYSON, J.—An offer to return the horse in a reasonable time, if there was a breach of the warranty or a fraud practiced on the plaintiff, after the breach or fraud was discovered, is equivalent in its effect upon the remedy to an offer accepted by the seller, and the contract is rescinded. In other words, such an offer made within a reasonable time after a discovery of the fraud or breach of warranty, was just as effectual to rescind the contract of exchange as if the defandant had accepted it.—*Burnett v. Stanton*, 2 Ala. 189; *Jemison v. Woodruff*, 34 Ala. 143, 146; *Dill v. Camp*, 22 Ala. 259; *Rand v. Oxford*, 34 Ala. 476; *Samples v. Guyer*, 120 Ala. 611, 24 South. 942.

We need only apply this principle to see that under the testimony offered by plaintiff, if believed by the jury, there was a rescission of the contract of exchange by him, and that the legal title to the mule sued for was reinvested in him by his offer to return the horse, and the title to the horse reinvested in defendant. The subsequent possession of the horse by plaintiff, taken as it

[Hayes v. Woodham.]

was from the commons, and the uses made of it by him, without more, cannot defeat his right of recovery in this action. The principle governing this phase of the case is clearly stated in *Rand v. Oxford, supra,* in this language: "When the purchaser of a chattel, for a sufficient reason, makes a tender of the property to the seller with a view to rescission, and the seller refuses to receive it, the purchaser may abandon the property; but he is not bound to do so. He may, if he choose, retain the possession; and in that event he is considered merely the bailee of the seller, and that relation becomes at once the rule and measure of his rights and responsibilities."—*Bennett v. Fail,* 26 Ala. 615, 610; *Dill v. Camp, supra.* What was said in *Samples v. Guyer, supra,* when read in connection with the averments of the replication, which were being reviewed, is not opposed to this principle.

The giving of the affirmative charge by the court for defendant was error.

Reversed and remanded. All the justices concur.