# Comer v. Franklin.

## *Assumpsit.*

(Decided Nov. 24, 1910.   53 South. 797.)

1. *Appeal and Error; Review; Presumption.*—Where the record does not show the grounds of demurrer sustained to certain pleas, it will be presumed on appeal that the demurrer pointed out the defect.

2. *Same; Harmless Error; Pleading.*—Where the facts alleged in certain pleas were provable under the general issue it was harmless error to sustain demurrer to such pleas.

3. *Sales; Remedy of Purchaser; Rescission.*—If the purchaser has a right to rescind the exercise of the right puts an end to the contract, though the seller reject an offer of rescission.

4. *Same; Status After Rescission.*—Where the purchaser after rescinding the sale holds the goods for the seller, his relation to the goods was that of a bailee.

5. *Same; Waiver.*—By treating the property as his own after discovering the fraud, a purchaser waives his right to rescind for misrepresentation as to titles, and thereafter his only remedy is for breach of the implied warranty.

6. *Same; Time.*—An offer to rescind a contract because of misrepresentation by the seller must be made within a reasonable time after the discovery of such misrepresentation.

7. *Same; Redelivery of Property; Readiness.*—To entitle a purchaser to recover the price of the goods after rescinding the sale, he must be ready at all times after rescission to tender the goods, and if the purchaser at any time after rescission treats them as his own, they cannot be said to be held subject to the seller's order.

8. *Pleading; Special Pleas.*—Where the complaint was for recovery of money paid under a contract of sale on the grounds of misrepresentation as to title, and the complaint alleged that within a reasonable time after the purchaser learned the property belonged to another he offered to rescind and notified the seller of his intention to do so, and then offered to return the goods to him and demanded the purchase price, and that since his offer to rescind the

goods have at all times been subject to the seller's orders, pleas filed in defense thereto alleging that the purchaser has wrongfully exercised acts of ownership over the goods after learning of the alleged fraud were equivalent to a denial of the complaint, and the facts alleged therein were provable under the general issue, and hence, demurrer was properly sustained thereto.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by E. R. Franklin against N. B. Comer to cover the purchase price of goods upon rescission of sale. Judgment for plaintiff and defendant appeals. Affirmed.

HILL, HILL & WHITING, for appellant. The pleas presented a defense to the complaint and the court erred in sustaining demurrers thereto.—*Dill v. Camp,* 22 Ala. 258; *Hodges v. Tufts,* 115 Ala. 374; *Stevenson v. Allison,* 123 Ala. 447; *Romanoff M. Co. v. Cameron,* 137 Ala. 214.

TYSON, WILSON & MARTIN, for appellee. The record fails to show the grounds of demurrer and it will be presumed that the defects of the pleas were pointed out. —*C. of Ga. v. Henderson,* 152 Ala. 203; *Hodge v. Tufts,* 115 Ala. 366. Every averment contained in the special pleas could have been proven under the general issue, and if there was error, it was without injury.—*L. & N. v. Hall,* 131 Ala. 161; *N. C. & St. L. v. Bates,* 143 Ala. 447.

SAYRE, J.—Plaintiff (appellee) sued for the recovery of a sum of money which he had paid to defendant on a contract for the purchase of the furnishings then and since in the Capitola Hotel, which defendant had been keeping, and which along with its furnishings, went into the possession of the plaintiff upon the agreement of sale. The allegation was that the sale had been

induced by defendant's false representation that he own-
ed the subject-matter of the contract of sale, whereas
in fact a large part of the furnishings belonged to a
third person.  The complaint, reduced at last to count
7a, avers that in the month of July, 1908, plaintiff
learned of the third person's ownership, and that there-
upon within a reasonable length of time he "offered to
rescind and to disaffirm said contract, and notified the
defendant of his intention to rescind said contract, and
then and there offered to deliver to said defendant all of
the defendant's said goods, wares, and furniture so sold
to him by defendant, and did thereupon demand of the
defendant that he repay to him the said sum of $400
theretofore paid by plaintiff, which said defendant re-
fused to do; and plaintiff avers that, since the said offer
to rescind said contract as aforesaid, defendant's said
goods, wares, and furniture have been at all times up to
the bringing of this suit in the said Capitola Hotel, sub-
ject to the order of the defendant."

Pleas A and B reiterate the contract and plaintiff's
payment of money thereon, and alike proceed: "There-
after the plaintiff, on, to wit, July 20, 1908, discovered
and learned that the defendant did not own all of said
goods, wares, and furniture mentioned in said contract
and agreed to be sold as aforesaid, and was not the own-
er of the following goods, wares, and furniture men-
tioned in said contract, to wit" (setting out those arti-
cles which the defendant was alleged not to own). Plea
A concludes: "And plaintiff, with full knowledge of
said facts, continued to hold and to keep all of said
property mentioned in said contract, and exercise do-
minion over the same as his own, and continued so to
do up to, to wit, May 5, 1909, the time of the bringing
of this suit." Plea B concludes: "And the defendant
further avers that the plaintiff, with full knowledge of

said facts, and knowing that said goods, wares, and furniture herein last above described were not the property of the defendant, continued to hold and to keep all of said property described in said contract, which said property was delivered to plaintiff by the defendant at the time of the making of said contract, and the plaintiff exercised dominion over the said property, and used the same as his own, and continued to do so up to, to wit, May 5, 1909, the time of the bringing of this suit, all during which said time the plaintiff used said property in the business that he was then conducting, to wit, a hotel business, at the said building known as the 'Capitola Hotel.' And the defendant further avers a large amount of said property was perishable and easily destroyed, or rendered greatly less valuable by the use thereof; yet, notwithstanding, plaintiff continued to use said property as if it were his own up to the time of, to wit, the bringing of this suit. And the defendant further avers that before the bringing of this suit the plaintiff did deliver all of said property mentioned in said contract that had not been destroyed or lost while in the possession of plaintiff to another person, with full power and authority to use the same as plaintiff had been doing, which said other person, whose name is to plaintiff (defendant?) unknown, held said property, and used the same as his own, exercising dominion over the same."

It appears of record that demurrers to these pleas were sustained, but the grounds of demurrer are not shown. It must therefore be presumed that their defects, if any, were pointed out ore tenus.—*Central Railway v. Henderson*, 152 Ala. 203, 44 South. 542; *Hodge v. Tufts*, 115 Ala. 366, 22 South. 422.

It is to be observed that the pleas in question do not deny that a large specified part of the furnishings be-

longed to a third person, nor is there a denial in terms that the plaintiff offered to rescind in manner and form as alleged in the complaint. If the plaintiff had the right to rescind at the time of the offer, then the offer so made, though rejected by the defendant, had the same effect as if it had been accepted by the defendant, and the contract of sale was rescinded, if the plaintiff chose to so consider it.—*Samples v. Guyer,* 120 Ala. 611, 24 South. 492; *Hayes v. Woodham,* 145 Ala. 597, 40 South. 511, and authorities cited. During his possession subsequent to rescission, plaintiff was a bailee for the defendant, and that relation became the rule and measure of his rights and responsibilities.—*Rand v. Oxford,* 34 Ala. 474. "But," as was said in the leading case of *Burnett v. Stanton,* 2 Ala. 181, "the vendee in such case must act with promptness, and, upon discovering that the subject is not such as was contemplated, he must offer to return it." And in the same case: "If the vendee neglect to return goods immediately upon discovering a breach of warranty or fraud, but keep them and treat them as his own, by putting them up for sale, or exercising other acts of ownership over them, he cannot afterwards reject the contract." And again: "If it be rescinded at all, it must be rescinded in toto." So, then, before the rescission alleged, plaintiff may have waived his right thereto by treating the property as his own after discovering the alleged misrepresentation; and likewise, no doubt, after the declaration of intention to rescind and offer to return, plaintiff may still have waived the rescission already offered, and restored defendant's status as a lawful vendor, and limited his own further rights in the premises to an action for breach of the implied warranty of title, or recoupment in the way of defense, by dealing with the property as his own. And the effort of the pleas is to set

up in defense just this sort of dealing by the plaintiff with the entire property, including that defendant had a right to sell, both before and after the offer to rescind.

The complaint, undertaking to set out the facts upon which his alleged right of rescission rested, had alleged, properly, that the offer to rescind had been made within a reasonable time after discovery of the misrepresentation, and, in view of the fact that plaintiff had retained possession of the property, instead of abandoning it, as he might have done, it appropriately undertook to refute any presumption adverse to the completeness and continued efficacy of the offer to rescind by averring that at all times subsequently the property had been subject to defendant's order—this last to show that the tender had been kept good. In *Garrard v. Zachariah,* 1 Stew. 272, it was held that a plea of tender of specific articles need not allege a continued readiness on the part of the defendant. But since the Code of 1852 it has been the law that if the tender be of ponderous articles, or other personal property, the plea must aver a readiness to deliver.—Code 1907, § 5334. The same rule must obtain where a tender is a condition precedent to an action. The property here was not at all times subject to defendant's order, within any just meaning of that phrase of the complaint, if plaintiff had at any time during the period covered treated it as his own. Perhaps it may not inaptly be said, also, that the offer to rescind was not made seasonably, or within a reasonable time, as the complaint puts it, if delayed until after plaintiff, with knowledge of the alleged fraud, had exercised dominion over the property as his own.

Assuming, then, that the averments of the pleas were adequate for the purpose intended, namely, that the plaintiff tortiously exercised acts of ownership over the property after learning of the alleged fraud, both be-

[B. F. Roden Grocery Co. v. Leslie.]

fore and after the offer to rescind, they were tantamount to a denial of the complaint, and were provable under the general issue which was pleaded. If, therefore, the ruling of the court below sustaining demurrers to these pleas were erroneous, the error involved was harmless, and cannot avail for a reversal.—*L. & N. R. R. Co. v. Hill,* 131 Ala. 161, 32 South. 603; *N. C. & St. L. Ry. Co. v. Bates,* 133 Ala. 447, 32 South. 589; *Southern Ry. Co. v. Leard,* 146 Ala. 349, 39 South. 449.

No other rulings are assigned for error.

Affirmed.  ·

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.