# Carmack *v.* McKinney.

### *Breach of Contract.*

(Decided May 20, 1913.   62 South. 289.)

*Sales; Warranties; Breach; Allegation of Performance.*—To a complaint counting on a breach of warranty of soundness of a horse sold, a plea setting up that it was agreed that if the horse proved unsound ·defendant was not to pay any money as damages, but was to take back the horse sold and give plaintiff another, and that defendant did offer plaintiff another horse, sufficiently shows a discharge of the contract of warranty, and was not demurrable for failure to allege that defendant continued ready and willing to deliver another horse.

APPEAL from Lee Law and Equity Court.

Heard before Hon. JOHN D. DENSON, Special Judge.

Action by A. B. McKinney against W. L. Carmack, for breach of warranty. From a judgment sustaining demurrer to his plea, defendant appeals. Reversed and remanded.

R. C. SMITH, for appellant. The court erred in sustaining demurrers to defendant's plea.—Bishop on Contracts, sec. 784. By refusal to accept the horse offered, plaintiff waived whatever rights he had under the contract.—9 Cyc. 436. A general demurrer is bad.—Section 5340, Code 1907; · *Wilkie v. Johnson's Laboratory,* 132 Ala. 268.

T. D. SAMFORD, for appellee. No brief reached the Reporter.

WALKER, P. J.—To the complaint in this case counting upon an alleged breach of a warranty of soundness in a sale by the defendant to the plaintiff of a horse, a special plea was interposed which alleged:

[Carmack v. McKinney.]

"That at the time of the alleged sale and warranty of
the horse mentioned in the complaint, it was under-
stood and agreed between plaintiff and defendant that,
in case anything should prove to be the matter with
the horse sold by defendant to plaintiff, the defendant
was not to pay any money as damages to plaintiff if the
horse should prove to be unsound, but it was expressly
understood and agreed between plaintiff and defendant
that the defendant should take back the horse that he
had sold to plaintiff and give plaintiff another horse to
take the place of the horse that he had sold plaintiff;
said horse that he was to give plaintiff in the place of
the one sold to him was to be, as near as possible, of
the same market value as the horse sold to plaintiff;
and the defendant alleges that when the plaintiff made
complaint to him, several weeks after the alleged sale,
that the horse that he had purchased from him was not
as represented, he then and there offered plaintiff an-
other horse of like market value of the one sold to him
to take the place of the horse sold, and let him return
the horse sold, which proposition the plaintiff refused
to accept, and for this reason the defendant says that
he is not liable for any damages in this case." The
court sustained the plaintiff's demurrer to this plea,
and its action in so doing is assigned as error.

Several of the grounds assigned in the demurrer
plainly are not tenable. It may be inferred that the
action of the court was based upon the grounds of the
demurrer which suggested the failure of the plea to
show the continued willingness and readiness of the
defendant to deliver to the plaintiff another horse in
place of the one sold to him; or, in other words, that
the court applied to a plea averring the tender of a
horse the same rules as are applicable to a plea aver-
ring a tender of money. In doing so an error was com-

mitted.    The question raised by the demurrer to the above-mentioned plea is very similar to the one which was ruled on in the case of *Garrard v. Zachariah,* 1 Stew. 272.    In that case the defendant in an action on a promissory note pleaded that, after making and before maturity of the note, the parties agreed that the maker should buy and deliver to the payee specific articles in satisfaction of the note, and that the maker bought and tendered the articles accordingly, and the payee refused to receive them.    In holding that a demurrer to that plea should have been overruled, it was said in the opinion:  "The rules which apply to a tender of money ought not to govern a tender of specific articles.    Money can be kept without expense, and with little comparative risk; not so as to bulky or heavy articles.    If one contracts to pay another 20 horses at a specified day, buys them, and has them ready to deliver at that day, and the other party refuses to receive them, would it be reasonable that he who had contracted to deliver the articles should keep them for an indefinite length of time, ready to deliver to the other party on demand, or should abandon them, in order to be discharged from liability on his contract?   I think not.    Whether a party, who after making such tender, which is refused, converts the property to his own use, would be liable in an action of trover, or not, it is not necessary now to determine."    Subsequent rulings in this state are in harmony with the one just referred to. —*McMurry v. State,* 6 Ala. 324; *Armstrong v. Tait,* 8 Ala. 635, 42 Am. Dec. 656; *Willoughby v. Jernigan,* 60 South. 514.    It seems to be generally recognized that the effect of the one party's refusal to accept the other's tender of the specific article made in pursuance of such a contract between them is to discharge the contract, to vest the title to the property in the creditor, and to

make the tenderer the bailee of it, at the risk of the one to whom the tender was made, and that the latter's remedy, if on his subsequently demanding the subject of the tender it is withheld from him, is to sue in trover or some other form of action not in contract.—*Fordyce v. Hathorn,* 57 Mo. 120; *Gayle v. Suydam,* 24 Wend. (N. Y.) 271; *Mitchell v. Merrill,* 2 Blackf. 87, 18 Am. Dec. 128; *McPherson v. Wiswell,* 16 Neb. 625, 21 N. W. 391; *Sheldon v. Skinner,* 4 Wend. (N. Y.) 525, 21 Am. Dec. 161; 38 Cyc. 159.

At any rate, under the authorities, a plea which avers the existence of such a contract as was disclosed by the plea in the instant case and sets up the making of the tender pursuant to the terms of such contract is to be regarded as showing a discharge of the contract sued on, and is not subject to demurrer because of its failure to show that the defendant has continued to be ready and willing to deliver the subject of the tender. Nor was that plea subject to demurrer on either of the other grounds assigned. It shows that the defendant duly tendered to the plaintiff such another horse as the latter had agreed to accept in satisfaction of any claim that he might have because of the one which he had bought not coming up to the requirements of the warranty of it. The conclusion follows that the court was in error in its rulings on the demurrer to the plea above set out.

Reversed and remanded.