(78 South. 820)

SMITH v. THOMAS.    (2 Div. 669.)

(Supreme Court of Alabama.    April 18, 1918. Rehearing Denied May 30, 1918.)

1. APPEAL AND ERROR ⬬1008(1)—FINDINGS OF FACT BY COURT—REVIEW.

In a court case, a finding of the court must be given the weight and conclusiveness of a verdict by jury.

2. TENDER ⬬5—WAIVER.

Where an offer to pay money or deliver property is rejected in limine, an actual tender is waived.

3. EXCHANGE OF PROPERTY ⬬11 — RESCISSION—REVOCATION OF RESCISSION.

Use of the animal after rescinding a horse trade, the other party refusing to accept return of the animal, did not of itself revoke the rescission.

4. EXCHANGE OF PROPERTY ⬬13(1)—USE OF HORSE—RESCISSION.

In an action to recover a horse exchanged for a mule, and damages for its detention, evidence as to value of use of mule by plaintiff after rescission was not admissible, where defendant did not file a plea to set off such use against plaintiff's damages for detention of the horse.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Action by E. G. Thomas against Robert

Smith. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

I. I. Canterbury, of Linden, for appellant. William Cunninghame, of Linden, for appellee.

SOMERVILLE, J. Plaintiff sues in detinue to recover a horse and damages for her detention. Plaintiff had traded the horse for defendant's mule, and his right to recover his horse rests upon his contention that defendant falsely represented the mule to be sound of eye, and that within a reasonable time after plaintiff's discovery of the fraud he rescinded the trade, and demanded the return of his horse, at the same time offering to return the mule, which offer of rescission was rejected by defendant. The case was tried by the court sitting without a jury, and judgment was rendered for plaintiff.

[1] So far as the right to rescission and its timely and effective exercise are concerned, the evidence clearly justified the finding of the court, to which we must give the weight and conclusiveness of a verdict by jury.

[2] Where an offer to pay money or deliver property is rejected in limine, an actual tender is waived. Rudulph v. Wagner, 36 Ala. 698; Root v. Johnson, 99 Ala. 90, 10 South. 293; 38 Cyc. 144, c.

[3] It is, however, insisted for defendant that, conceding all other issues in favor of plaintiff, yet plaintiff's use of the mule, after effecting the rescission, was such an assertion of ownership in that animal as to revoke the rescission and validate the original contract of exchange. After an effectual rescission in cases like this, the party who refuses to receive back his property thereby makes the other party his bailee, if the latter chooses to retain possession of the property, subject to the call of the owner. "But a purchaser, who, after the vendor's refusal to accept the property, elects to retain the possession, must not use or employ the property in any manner inconsistent with the vendor's rights, or with the nature of the bailment which in such cases arises by implication of law. * * * The bailment thus created would seem to belong to the class denominated in the books 'depositum.' * * * In reference to depositaries it is said—and this is obviously true—that the extent to which they are authorized to use the property depends materially on its nature. If the subject-matter of the bailment be a living animal, such as a hound or a horse, which requires air and exercise, the bailee has an implied authority from the owner to use it to a reasonable extent, and is under an implied engagement to give it proper air and exercise." Rand v. Oxford, 34 Ala. 474, 476.

Although plaintiff used the mule almost daily for hauling down to the day of the trial, we think the trial court was justified in finding that such use did not amount to an assertion of title in plaintiff, nor a denial of defendant's ownership. Hayes v. Woodham, 145 Ala. 597, 40 South. 511. If the use was excessive—greater and more frequent than was justified by the proprieties of the case— it may be that defendant would have his remedy therefor in another form of action. This, however, is a question which is not before us, and which we cannot now determine. See Rand v. Oxford, 34 Ala. 474, 478.

[4] The trial court did not err in excluding defendant's question to plaintiff, What was the reasonable value of the hire or use of the mule during the time he had her? On no aspect of the case was plaintiff liable for the entire value of such use or hire, nor for the excessive use during the whole period of his possession. We presume that defendant's idea was to set off the hire of the mule against damages for the detention of the horse. Whether such a set-off could have been availed of in any way we need not determine, for there was no plea on file which permitted its consideration.

No error appearing in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.