(83 South. 33)

EVERETT v. PICKENS et al. (4 Div. 807.)

(Supreme Court of Alabama. June 30, 1919. Rehearing Denied Oct. 23, 1919.)

1. MORTGAGES ☞86(1)—BURDEN TO DEFEAT TITLE UNDER FORECLOSURE.

To present an equitable defense effective to defeat title under mortgage executed by foreclosure, and to entitle complainant mortgagor to injunctive relief against an ejectment judgment, and to cancellation of the mortgage itself, the burden is on complainant mortgagor to show either that the mortgage obligation was without substantial consideration, or that it was effectually avoided for breach of warranties of title to the property for the purchase price of which the mortgage security was given.

2. MORTGAGES ☞25(2)—SUFFICIENCY OF CONSIDERATION.

Delivery to complainant mortgagor of the bottling works and its equipment, for the purchase price of which the mortgage security was given, though incumbered in part by a prior mortgage and in part by a landlord's lien, the only things not covered by the prior mortgage being a horse and wagon, though all the property was lost to complainant by the enforcement of such liens, held sufficient consideration to support the mortgage.

3. SALES ☞21—SUFFICIENCY OF CONSIDERATION TO SUPPORT PURCHASE.

If the purchaser of chattels receives possession and enjoys any substantial use of the property, his possession and use being rightful, it cannot be said that there is an entire failure of the consideration for the purchase, though the enforcement of prior liens deprives the purchaser of the property.

4. SALES ☞21—FAILURE OF CONSIDERATION THROUGH ASSERTION OF PARAMOUNT TITLE.

Where the seller of property has no title, the purchaser's deprivation by the paramount owner constitutes an entire failure of consideration.

5. VENDOR AND PURCHASER ☞117—RETENTION OF PROPERTY AND USE THEREOF AFTER RESCISSION BY PURCHASER.

Where there has been a clear act or declaration of rescission by the purchaser of property, made complete by tendering back to the vendor what has been received from him, so as to place him in statu quo, and the tender is refused by the vendor, the purchaser may retain possession of the property, and even use it, if the use is necessary to its safety and preservation, without thereby revoking his previous rescission, though by any unequivocal assertion of beneficial ownership in himself, inconsistent

with the ownership of the vendor, he may forfeit his proffered rescission, and disable himself from asserting it.

**6. VENDOR AND PURCHASER ☞114—FAILURE TO RESCIND FOR BREACH OF SELLER'S WARRANTY OF TITLE.**

Purchaser of bottling works and other property, subject to a prior mortgage and a landlord's lien for rent, who gave mortgage himself as security for the price, *held* not to have rescinded his purchase; the purchaser's mere statement to his seller that he wanted him to take the property back, for breach of the seller mortgagee's warranties of title, being of doubtful effect as an offer of rescission, and the purchaser, after making the statement, having used the property as his own.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by J. K. Everett against Julia G. Pickens and others, to enjoin execution of judgment in ejectment. From a decree denying relief and dismissing the bill, complainant appeals. Affirmed.

The bill sought the enjoining of the execution of an ejectment judgment against J. K. Everett by Julia G. Pickens, who claimed under a foreclosure deed under a mortgage executed by complainant, Everett, to one H. E. Sheppard, and to cancel the mortgage. The mortgage was sought to be avoided upon either of two grounds: (1) That it was void for want of a valuable consideration; and (2) that it was voidable by the mortgagor for the breach of the warranties of title to certain personal property sold by said Sheppard to complainant, the purchase money of which mortgage was given to secure, and which in fact was seasonably rescinded and avoided by complainant. The pleadings show that one T. A. Hall owned a certain bottling works property, which he sold to Darby & Hart, who mortgaged it to the vendor to secure the purchase price of $1,740 in November, 1909, the mortgage being duly recorded. Thereafter Darby & Hart sold the property to W. M. Sheppard, who in turn sold it to complainant in 1914, warranted free from all incumbrance. To secure the purchase price of $1,500 complainant executed to Sheppard's wife, H. E. Sheppard, a mortgage on the bottling plant and also on certain real estate. This mortgage was transferred to one H. Pickens about July, 1914, except as to the first maturing note, who foreclosed in March, 1915, as to the real estate, and his wife, Julia Pickens, became the purchaser.

The testimony shows that complainant first discovered the existence of the Hall mortgage about a month after his purchase, and that he then went to H. E. Sheppard's husband, her managing agent, and told him that the Hall mortgage would hold or sell

the property, and that he "wanted him to take the property back and give complainant his papers," and Sheppard told him that he could not at that time make a trade with him. Thereafter complainant continued to operate the plant, and paid rent on the building and premises to the owner, the wife of T. A. Hall, until the Hall mortgage was foreclosed, about January, 1915. On November 24, 1914, Everett wrote to Mrs. H. E. Sheppard as follows:

Mrs. Sheppard—Kind Mam: If I am not misled, the notes I gave in the bottling works was transferred to other parties, and Mr. Hall holds a rent claim for over a hundred dollars. He is wanting his money and the business is bound for it, * * * the transferred notes are pushing, and we are not selling but very little stuff, and not collecting but very little, so will have to ask that you make arrangement for supplies elsewhere. We have furnished you all $89.05 since we have been here. I am expecting to be crowded down on at any time with the claims that are outstanding against Mr. Sheppard.

Respectfully,　　　J. K. Everett.

J. D. Bailey, of Florala, and W. R. Chapman, of Dothan, for appellant.

G. W. Reeves, of Florala, for appellees.

SOMERVILLE, J. [1] In order to present an equitable defense which would be effective to defeat the respondents' title under the mortgage executed by foreclosure, and entitle complainant to injunctive relief against the ejectment judgment, and the cancellation of the mortgage itself, the burden is on complainant to show either (1) that the mortgage obligation was without any consideration of substantial value (13 C. J. pp. 367, 368, §§ 242, 243), or else (2) that it was effectually avoided by complainant for breach of the mortgagee's warranties of title to the bottling works property and other chattels for the purchase price of which the mortgage security was given.

[2] 1. Whether or not, as held by the trial court, the horse and wagon acquired by complainant along with the bottling business (and which was not covered by the prior Hall mortgage) was subject to a lien for Sheppard's unpaid rent due to Mrs. Hall as lessor of the premises, we think that the delivery to complainant of the works and its equipment, though incumbered in part by a mortgage, and in part by a landlord's lien, and though all of it may have been afterwards lost to complainant by the enforcement of those liens, was unquestionably a sufficient consideration to support the contract of purchase.

[3] It is no doubt a sound rule of law that, if chattels sold with a warranty against incumbrances have not a value in

substantial excess of prior incumbrances at the time of the sale, the purchaser may defeat any recovery in whole or in part of the purchase price, as for an entire want of consideration for his promise to pay, provided such incumbrances have prevented any substantial use or enjoyment of the property by the purchaser. But if the purchaser receives possession and enjoys any substantial use of the property, his possession and use being rightful, it cannot be said that there is 'an entire failure of the consideration.

[4] It is, of course, conceded that, where the vendor had no title to the property, the purchaser's deprivation thereof by the paramount owner would constitute an entire failure of consideration. Johnson v. Oehmig, 95 Ala. 189, 10 South. 430, 36 Am. St. Rep. 204; 35 Cyc. 541 (B). But that is not the case here. Moreover, in this case, it appears that some other items of the property purchased by complainant, besides the horse and wagon, were not included in the Hall mortgage, and that the aggregate value of all these was substantially in excess of the amount of the Hall rent lien.

[5] 2. Where there has been a clear act or declaration of rescission by the purchaser, made complete by tendering back to the vendor what has been received from him, so as to place him in statu quo, and the tender is refused by the vendor, the purchaser may retain possession of the property, and even use it—if such use is necessary to its safety and preservation—without thereby revoking his previous rescission. Smith v. Thomas, 78 South. 820.[1] But he may, by any unequivocal assertion of beneficial ownership in himself, inconsistent with the ownership of the vendor, forfeit his proffered rescission, and disable himself from asserting it. Com-

er v. Franklin, 169 Ala. 573, 577, 53 South. 797; Smith v. Thomas, supra; Tarkington v. Purvis, 128 Ind. 182, 25 N. E. 879, 9 L. R. A. 607; 6 R. C. L. 933.

[6] In the instant case it is doubtful if complainant's mere statement to Sheppard that he wanted him to 'take the property back' and give complainant his papers was an effective offer of rescission. Sheppard evidently regarded it as a mere proposal to trade back, and the testimony is convincing that complainant, after this proposal, used the property as his own, operating the plant and its appurtenances in all respects as a proprietor, and treating his mortgage and notes as a subsisting obligation. Indeed, his letter to Mrs. Sheppard in November, 1914, about five months afterwards, seems absolutely conclusive as to this. We do not overlook the argument of counsel that his operation of the plant as stated was under a lease from Hall, the prior mortgagee, and was therefore not inconsistent with his supposed rescission. But the testimony convinces us that, if he ever had any such arrangement with Hall, it was not made until after Hall's foreclosure of his mortgage, and that, for six months prior thereto, he was operating as owner in his own right, and recognizing his obligation to pay for the property.

Complainant's situation is unfortunate, and compels our sympathy; but we are constrained to hold that he is not entitled to pursue the remedy here invoked against the purchaser at the mortgage sale. Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

[1] 201 Ala. 442.