(87 South. 585)

MAPLES v. DOUGLASS.    (8 Div. 270.)

(Supreme Court of Alabama.   Dec. 16, 1920.)

1. Sales ⬤⟶133, 391(5)—Buyer, who rescinds purchase for defect in chattel and tenders it back, may recover consideration, although seller refuses to receive goods.

Where the buyer of a chattel, being entitled, rescinds his purchase because of a defect, with an accompanying tender of the chattel to the seller, or offer to restore it, if actual tender is impracticable, the effect is to revest the title in the seller, and the buyer then becomes entitled to the consideration paid, and the refusal of the tender or offer does not change the effect, in which case the buyer may abandon the property or retain it as the bailee of the seller.

2. Sales ⬤⟶133, 354(8), 396—Buyer, who has tendered back chattel for defect, need not aver or prove readiness at all times to deliver thing tendered.

In suit on the original obligation, or for recovery of the consideration, which has reverted to plaintiff buyer by virtue of his tender back of the chattel purchased on account of some defect, it is not necessary either to aver or prove a readiness at all times, or at any subsequent time, to deliver the chattel so tendered, which is equally true whether the effect of the tender is set up in a complaint or plea.

3. Tender ⬤⟶22—Rules as to pleading tender kept good applicable only where tender does not ipso facto discharge the obligation.

Code 1907, § 5334, and form 36 (Code 1907, p. 1202) for pleas of tender (Code, p. 1202), apply only to tenders of chattels where the tender does not ipso facto discharge the obligation or change the parties' relation, and where there remains a continuing obligation to

keep and deliver; for in such cases the tender, to be availing, must be kept good, and the pleader must aver a continuing willingness to deliver.

4. Sales ⬤⟶121—Buyer, who rescinds, may nullify rescission by subsequent conduct.

One who rescinds his purchase of a chattel, thereby revesting title in the seller, may nullify his rescission and its consequences by his subsequent conduct in dealing with the chattel; but there is no presumption that he has so acted, and the burden of allegation and proof with respect to the waiver of rescission is on the party who would take advantage thereof.

5. Sales ⬤⟶396—Count of buyer's complaint seeking recovery of consideration not demurrable for failure to allege keeping good of tender of chattel back.

In suit by the buyer of a chattel, who rescinded for defect therein, to recover the consideration paid by him, count 3 of the complaint, stating the purchase and the tender back of the chattel to defendant seller, held not demurrable for failure to show that plaintiff buyer, after his alleged tender, held himself in readiness to deliver.

6. Sales ⬤⟶397—Evidence for defendant in buyer's action for rescission for defect in mule sold inadmissible.

In a suit by the buyer of a mule, who had rescinded and tendered back the animal for a defect, where defendant seller's witness testified that he had owned the mule for three months and sold her two years before, and that his buyer sold her to defendant seller, such witness' testimony as to whether there was anything wrong with the mule was properly excluded; the fact she was free from the defect (hip fault) two years before being without tendency to show she was free from it when plaintiff bought her.

7. Appeal and error ⬤⟶1058(2)—Exclusion of testimony harmless, in view of other testimony of same witness not objected to.

In suit by the buyer of a mule to recover back the consideration paid, on the ground he had rescinded and tendered the mule back for defect, exclusion of testimony of defendant seller's witness as to whether there was anything wrong with the mule held harmless to defendant seller; the witness having afterwards stated without objection that he had continued to see the mule right along up to the time in question, and had never noticed anything wrong.

8. Sales ⬤⟶182(1)—Whether there was defect, justifying rescission of contract of sale of mule, a jury question.

In suit by the buyer of a mule, he having rescinded and tendered back the animal for defect, whether there was any defect in the mule within the terms of the contract of sale held a question of fact for the jury.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by R. C. Douglass against I. L. Maples.  Judgment for plaintiff, and defend-

ant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Betts & Betts, of Huntsville, for appellant.

Court erred in overruling demurrers to count 3. Section 5334, Code 1907; 83 Ala. 388, 3 South. 769; 169 Ala. 573, 53 South. 797; 201 Ala. 593, 79 South. 22; 194 Ala. 489, 69 South. 897; 192 Ala. 274, 68 South. 897; 83 South. 11; 94 Ala. 488, 10 South. 222; 1 Ala. App. 599, 56 South. 22. Court should have directed a verdict for the defendant. Authorities supra.

R. E. Smith, of Huntsville, for appellee.
No brief came to the Reporter.

SOMERVILLE, J. [1] Where the vendee of a chattel, being so entitled, rescinds his purchase because of a defect in the chattel, with an accompanying tender of the chattel to the vendor, or offer to restore it, if actual tender is impracticable, the effect is to revest the title of the chattel in the vendor, and to entitle the vendee to a recovery of the consideration with which he had parted, and the refusal of the tender or offer does not change its effect. The vendee may in the latter case abandon the property or retain it in his custody, and if he retain it "he is considered merely the bailee of the seller, and that relation becomes at once the * * * measure of his rights and responsibilities." Hayes v. Woodham, 145 Ala. 597, 40 South. 511, and cases therein cited; Smith v. Thomas, 201 Ala. 442, 78 South. 820.

The third count of the complaint sets forth the purchase of a mule by plaintiff from defendant for $175, with the stipulation that, if there were any defects in the mule, defendant would repay the price to plaintiff upon his return of the mule, and it is alleged that there was a defect in the mule, in that it was "hipped," and that plaintiff "has tendered said mule to said defendant, and demanded from him said sum of $175, which defendant has failed and refused to pay," etc. A demurrer to this count aptly challenges its sufficiency, in that it "does not show that plaintiff, after his alleged tender of the mule, holds himself in readiness to deliver the mule."

[2] Where a tender of chattels pursuant to the terms of the contract has the effect, ipso facto, of discharging the contract or of restoring the parties to their original position with respect to the consideration with which each has respectively parted, including the chattels thus tendered, it has always been held in this state, and by the authorities generally, that in a suit upon the original obligation, or for the recovery of the consideration which has reverted to the plaintiff by virtue of his tender, it is not necessary to either aver or prove a readiness at all times, or at any subsequent time, to deliver the thing so tendered. And this is equally true, whether the effect of the tender is set up in a com-

plaint or in a plea. Garrard v. Zachariah, 1 Stew. 272; Armstrong v. Tait, 8 Ala. 635, 42 Am. Dec. 656; Carmack v. McKinney, 7 Ala. App. 408, 62 South. 289; 20 R. C. L. 649, § 31; 38 Cyc. 169 (iv).

[3] On the other hand, where the tender does not ipso facto discharge the obligation, or change the relation of the parties, and where there remains a continuing obligation to keep and deliver, the tender, to be availing, must be kept good, and the pleader must aver a continuing readiness to deliver. Authorities supra. It is to this class of tenders of chattels that section 5334 of the Code, and form 36, for pleas of tender (Code, p. 1202), are applicable. Those legislative provisions were intended to prescribe a rule of pleading only, and not to change any rule of substantive law. In accordance with this view, it was specifically held in Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 619, 73 South. 938, 943, that—

"The necessity of keeping a money tender good by keeping on hand the specific money tendered, or its equivalent, does not apply to the tender of commodities by a seller to a buyer."

In that case the obligation of the seller was discharged, and the liability of the purchaser for damages was fixed, by the seasonable tender of the goods. See, also, Baker v. Lehman & Co., 186 Ala. 493, 65 South. 321.

[4] As was observed in Comer v. Franklin, 169 Ala. 573, 53 South. 797, one who rescinds his purchase of a chattel, thereby revesting its title in the seller, may nullify his rescission and its consequences by his subsequent conduct in dealing with the chattel. Everett v. Pickens, 203 Ala. 322, 83 South. 33; 24 R. C. L. 361, §§ 650-652. But there is no presumption that he has thus acted, and the burden of allegation and proof with respect to waiver of the rescission declared on is upon the party who would take advantage thereof—the defendant in the instant case. In Carmack v. McKinney, supra, the identical question was presented, and the Court of Appeals correctly ruled against the demurrer.

Comer v. Franklin, supra, is not an authority to the contrary. There the complaint showed that the plaintiff had retained possession of the goods after rescission, and alleged that thereafter the goods were at all times, up to suit filed, subject to the defendant's order. This relieved the defendant of his proper burden in the premises, and imposed it upon the plaintiff. What was said in the opinion was obviously based upon that state of the pleadings.

[5] We hold that count 3 of the complaint was not subject to the demurrer, and that defendant was not entitled to the general affirmative charge.

[6, 7] Defendant's witness, McLaughlin, testified that he had owned the mule for three months, and sold her to one Lynsky, which

was two years before Lynsky sold her to de- ·fendant. Defendant asked the witness, "Was there anything wrong with the mule?" Plaintiff's objection to the question was properly sustained, since the fact that she was free from hip fault two years before had no tendency to show that she was free from it when plaintiff bought her. There was no assertion that she was congenitally faulty, and at that stage of the trial there had been no testimony that such hip fault could be congenital. But, apart from that, the witness afterwards stated without objection that he had continued to see the mule right along up to the time in question, that he never noticed anything the matter with her, and that she was sound. In any aspect, the exclusion complained of was not prejudicial.

[8] Plaintiff's case is grounded upon a rescission of the sale, and whether there was any defect in the mule, which justified that rescission within the terms of the contract of sale, was a question of fact for the jury. That issue did not embrace the question of the comparative value of the mule with and without the defect.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

All the Justices concur.