(129 So. 36)

## HAMILTON v. VICE.
### 6 Div. 689.

Supreme Court of Alabama.
June 14, 1930.

J. D. Acuff, of Jasper, for appellant.

Sowell & Gunn, of Jasper, for appellee.

BOULDIN, J.

We deal with the case on the theory presented by appellant, the one on which the trial was conducted and evidently taken by the trial court in explaining his giving of the affirmative charge for defendant.

Considered, therefore, as an action for the recovery of the purchase money paid for a cow upon rescission by the purchaser because of the fraud of the seller, the sole question is whether the plaintiff had disabled himself to recover in such suit.

Pending the suit, plaintiff sold the calf he received with the cow for $6. While this calf was in fact not the calf of that cow, but a young calf of another cow put with this cow by defendant's vendor, it went with this cow in the sale; the plaintiff took it into possession along with the cow and with the consent of the seller and his vendor. Selling the calf by plaintiff was evidence of a claim of title through this purchase.

True, the negotiations related to the cow, no price being put on the calf, and no evidence shows the calf was a special inducement to the purchase; still the plaintiff bought both cow and calf under the undisputed evidence.

Upon rescission, he became the bailee of the property, holding same subject to the orders of the seller. Any sale or other unqualified act of ownership inconsistent with the relation of bailee, disabling himself to return the property, in legal effect revokes the offer to rescind, and defeats an action for the return of the purchase money on rescission.

Comer v. Franklin, 169 Ala. 573, 53 So. 797; Everett v. Pickens, 203 Ala. 322, 83 So. 33.

We do not think the purchaser of a cow and calf can rescind by offer to return the cow while he retains the calf. On like principle, he forfeits his right of rescission when he sells the calf as his own, so that he cannot return it.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.