132 So.2d 742

**TUSCALOOSA MOTOR CO.**

v.

**Hayes W. COCKRELL.**

6 Div. 182.

Supreme Court of Alabama.

Nov. 21, 1957.

Rehearing Denied March 6, 1958.

Ward & Ward, Tuscaloosa, opposed.

SIMPSON, Justice.

The Court of Appeals reversed the judgment of the trial court on the ground that the plaintiff had failed to satisfy the prerequisites of rescission and restoration necessary to the maintenance of an action for money had and received. The Court of Appeals further held because there was this failure to show a rescission the court was in error in refusing the affirmative charge with hypothesis requested by defendant on Count 2 for money had and received.

There was a general verdict in favor of the plaintiff for $600. According to the findings of fact by the Court of Appeals, the plaintiff purchased a 1952 automobile from the defendant. The final bargain was a price of $900 plus a cash deposit of $28 and the plaintiff's used car for the new one. The "trading" was with Mr. Roy Woodley, manager of defendant corporation. After having waited in an outer office until the papers were prepared, Mr. Bob Woodley, brother of Roy, brought out the completed papers to be signed by the

De Graffenried, de Graffenried & de Graffenried, Tuscaloosa, for petitioner.

plaintiff. The opinion of the Court of Appeals states: "* * * Mr. Bob Woodley brought the papers in and after a lengthy discussion of the mechanical features of the automobile, asked plaintiff: 'If I was familiar with the contract which I had bargained with his brother, Mr. Roy Woodley, and I told him I was, and he said the agreement is drawn up like the agreement you made and he laid the papers before me.' The plaintiff stated there were several copies and Mr. Woodley checked the places he wanted plaintiff to sign, and that he signed without reading the papers or having them read to him." Plaintiff testified that the contract of purchase, signed by him, was considerably more than he had agreed to.

As to the facts concerning a rescission the opinion of the Court of Appeals states:

"However, plaintiff made no complaint as to the alleged overcharge until approximately two weeks later, when he brought the automobile back to defendant to have the wheels aligned. Mr. Woodley said they would do the work but plaintiff would have to pay for it that they didn't guarantee alignment, and 'I brought it up that I was terribly disappointed about the price and that I didn't agree to that. He said it was out of their hands; that I should have come in sooner; * * * that they had sold the contract to Associates Finance Company.' "

This was the only finding by the Court of Appeals relative to rescission. It was held by that court that even though the note had been transferred and defendant told plaintiff the matter was out of his hands and beyond his control, a rescission of the contract by the plaintiff was still possible, citing Holden v. Advance-Rumely Thresher Co., 61 N.D. 584, 239 N.W. 479 as authority. On the basis of this conclusion the Court of Appeals ruled that the trial judge should have granted defendant's requested affirmative charge on Count 2 and reversed for the refusal thereof.

 The mode of rescission of a contract is discussed at 77 C.J.S. Sales § 111, p. 821 et seq. as follows:

"A contract of sale is rescinded by one party when, and only when, his intention and election to rescind are clearly, unequivocally, and unconditionally manifested or made known to the other party by notice or some act, conduct, or declaration by the party seeking to rescind or his authorized agent. * * * In order effectually to exercise the right to rescind it is not essential that one be aware of a statutory provision conferring the right, or even the name by which the right is known to the law. Notice may be oral or written, and served on an agent of the other party."

 This court stated in Comer v. Franklin, 169 Ala. 573, 577, 53 So. 797, 799: "If the plaintiff had the right to rescind at the time of the offer, then the offer so made, though rejected by the defendant, had the same effect as if it had been accepted by the defendant, and the contract of sale was rescinded, if the plaintiff chose to so consider it. Samples v. Guyer, 120 Ala. 611, 24 So. 942; Hayes v. Woodham, 145 Ala. 597, 40 So. 511, and authorities cited."

 Whether the acts of a party are such as would be a sufficient rescission is a question of fact for the jury, with appropriate instructions from the court. 77 C.J. S. Sales § 111, p. 822; Gorman-Gammill Seed & Dairy Supply Co. v. Carlisle, 220 Ala. 116, 124 So. 288.

 The rule in this jurisdiction is that in civil cases the affirmative charge should not be given when there is some or any evidence tending to support the controverted issue. 18A Ala.Dig., Trial, ☞

**4**

139 (1 f), p. 369. We recently referred to the rule in Alabama Great Southern Railroad Co. v. Bishop, 265 Ala. 118, 123, 89 So.2d 738, 743, where we said:

"* * * in civil cases the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish 'a mere "gleam," "glimmer," "spark," "the least particle," the "smallest trace"—"a scintilla" ' in support of the theory (Ex parte Grimmett, 228 Ala. 1, 152 So. 263)."

■ In the light of this rule it would, we think, be invasive of the province of the jury to hold that there was not even a scintilla of evidence to show a rescission.

■ The Court of Appeals also held that there was a failure to restore the consideration received by the plaintiff, thereby barring his right to a rescission. Standard Tilton Milling Co. v. Mixon, 243 Ala. 309, 9 So.2d 911. But we interpret the opinion of the Court of Appeals as showing that there were reasonable inferences deducible from the evidence that, if plaintiff had offered to return the automobile, the defendant would not have accepted it and returned him the money. This would excuse plaintiff from offering a restoration. The law does not require a party to do such a thing which he knows to be useless. St. Louis & S. F. Railway Co. v. McCrory, 2 Ala.App. 531, 56 So. 822; Southern Loan & Trust Co. v. Gissendaner, 4 Ala.App. 523, 530, 58 So. 737.

Therefore, we lean to the view that the trial court was correct in refusing the requested affirmative charge.

Reversed and remanded.

All Justices concur except STAKELY, J., not sitting.