# Fuller *v.* Chenault.

*Bill to Enjoin Mortgage Foreclosure Sale, and to Cancel Mortgage.*

(Decided June 16, 1908. Rehearing denied July 3, 1908. 47 South. 197.)

1. *Sales; Rescission; Fraud.*—A sale of property induced by fraud may be rescinded by restoring or offering to restore the property within a reasonable time (unless the property is valueless), and on failure to do this the purchase price may be abated.

[Fuller v. Chenault.]

2. *Same.*—The sale of property induced by fraud may be rescinded, notwithstanding the property may be worth what was agreed to be paid, since the buyer is entitled to have property such as represented by the seller that he was buying.

3. *Same; Ratification.*—A sale of property induced by fraud is not ratified by a retention of the property by the buyer before discovering the defect.

4. *Same.*—Where an offer is made to rescind the sale for the fraud, and to restore the property to the seller, which is declined by the seller, the retention and use of the property after such offer does not operate to ratify the sale.

5. *Same.*—It is not essential that affirmative action be taken to compel a rescission, and when a buyer offers to restore property the sale of which was consummated by fraud, the right to rescission exists, and a failure to take affirmative action to compel it is not tantamount to a ratification.

6. *Injunction; Temporary; Continuance.*—Where it appears that irreparable injury may follow, or that it would be inequitable to dissolve the injunction, a temporary injunction can and should be continued, although the answer is full and unequivocal, and positively denies every fact on which the equity for injunction rests.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Bill by Robert F. Fuller against Frank L. Chenault to enjoin a sale under a mortgage and to cancel the mortgage for fraud. Decree for defendant on the pleadings, and complainant appeals. Reversed, rendered, and remanded.

The allegations of the bill are sufficiently stated in the opinion. The respondent filed an answer denying the fraud and the offer to rescind; also demurrers to the bill, motion to dismiss for want of equity, and the following pleas: "(1) The said Robert Fuller did not act promptly in ascertaining the fraud, if it was practiced upon him, in this: According to the allegations of his bill he kept the horse for three months, from March, 1907, till June, 1907, before he knew of any defects in said horse, and before he knew of said alleged fraud, and he is therefore now not entitled to rescind the contract. (2) Said Robert Fuller kept said horse and used him as his own after he knew of said alleged defect, and on up

[Fuller v. Chenault.]

till the 11th day of October, 1907, and he has thereby ratified his contract of purchase and waived any right he may have had to rescind the sale.    (3) Said Robert Fuller has ratified his contract of purchase of said horse, and waived any right he may have had to rescind and disaffirm his said contract, in that he kept possession of said horse and used him as his own for four months after he alleges that he knew that the horse was defective, said use being inconsistent with any rescission of said contract, and he thereby ratified his contract of purchase and waived any right to rescind the same.    (4) The said Robert Fuller has ratified his purchase of said horse, and waived any right to rescind the same, in that he kept said horse and used him as his own for several months aware of the alleged defects in said horse, and he took no steps to compel a rescission until the defendant had placed his mortgage in the hands of his attorney for collection and foreclosure, and after his said attorney had taken steps to foreclose said mortgage."   The mortgage was also upon a house and lot which had been advertised under the mortgage for sale at the time of the filing of the bill.

H. B. CASHIN, for appellant.   The court erred in dissolving the injunction on the denials of the answer.— *Weems v. Weems,* 73 Ala. 644; *C. & W. Ry. Co. v. Witherow,* 82 Ala. 194; *C. E. L. Co. v. Peoples E. L. Co.,* 94 Ala 372; *Niehaus v. Cook,* 134 Ala. 228; *Turner v. Stephens,* 106 Ala. 546; *P. & M. Bank v. Locheimer,* 102 Ala. 454; *Scholtz v. Steiner,* 100 Ala. 148; 22 Cyc. 978. The offer to rescind was sufficient and timely.—*Jesse French P. Co v. Bradley,* 138 Ala. 180.

G. O. CHENAULT, for appellee.   Fraud and damage must concur and neither unaccompanied by the other is cause of action or ground of defense.—*Sledge v.*

[Fuller v. Chenault.]

*Scott,* 56 Ala. 206; *Rice v. Gilbreath,* 119 Ala. 426. The rescission was not seasonably made, and was without ground.—*Dean v. Oliver,* 131 Ala. 638; *Lockwood v. Fitts,* 90 Ala. 154; *Kirkpatrick v. Denson,* 81 Ala. 468; *Hodges v. Tufts,* 115 Ala. 366; *Coleman v. Nat. Bank,* 115 Ala. 424. There was a ratification of the purchase. —*Samples v. Guyer,* 120 Ala. 611. The court properly dissolved the injunction on the coming in of the denial in the answer.—*E. & W. R. R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 283; *Turner v. Stephens,* 106 Ala. 543; *Elliott v. Sibley,* 101 Ala. 344. There is no question of irreparable injury in this case.—75 Ala. 283.

ANDERSON, J.—The bill in the case at bar was filed to cancel a certain mortgage and enjoin a sale thereunder, because of a fraudulent misrepresentation as to a certain horse purchased by complainant from respondent, and which said horse constituted the sole consideration of the mortgage. The bill contained equity, which said fact was so adjudged by the trial court in overruling the first ground of demurrer to the bill.

If the complainant was induced by fraud to buy the horse, he had the right to rescind the sale by acting seasonably; that is, by restoring or offering to restore the horse within a reasonable time after discovering the fraud, unless the horse was valueless, or, if he failed to do this, to abate the price agreed to be paid.—*Eagan Co. v. Johnson,* 82 Ala. 233, 2 South. 302. The bill avers an offer to restore the horse upon a discovery of the fraud, and, if this be true, the complainant would have the right to rescind, regardless of the actual value of the horse. He was entitled to such a horse as the respondent represented him to be, and was not compelled to keep him, notwithstanding he may have been worth what he agreed to pay for him. The trial court, there-

4 R

fore, erred in sustaining the second and third demurrers to the bill.

The first plea was bad. Retaining the horse before a discovery of the defect could not operate as a ratification of the sale.

The bill avers that the complainant offered to restore the horse to the respondent and to rescind the sale after discovering the fraud, and that the respondent refused to accept said horse and declined to rescind the sale. This reinvested the title in the respondent, and a retention and user of the horse by the complainant did not operate as a ratification of a sale previously rescinded, as he then held the horse as the bailee of the respondent.—*Hays v. Woodham,* 145 Ala. 597, 40 South. 511, explaining *(Samples v. Guyer,* 120 'Ala. 611, 24 South. 942. Pleas 2, 3, and 4 should have been held insufficient. It is true the fourth plea alleges a retention and user of the horse after a discovery of the fraud, and that the complainant took no step to rescind the sale; but this is not a sufficient denial of complainant's averment that he offered to restore the horse. If he offered to restore the horse, he would have the right to rescind, without taking affirmative steps to rescind the contract.

It is true the answer traverses the allegations of the bill, but admits credits upon the indebtedness. The bill offers to do equity, and as the answer does not show that the house and lot is insufficient to cover the indebtedness due upon the mortgage in case the complainant is not entitled to a rescission, the dissolution of the injunction could be of no detriment to the respondent, and it would operate as a hardship on the complainant to sell his house and lot without permitting him to pay up the balance due on the mortgage in case he was not entitled to a rescission. While an answer that is full

[Jackson, et al. v. Lucas.]

and unequivocal, and which postively denies every fact upon which the equity for an injunction rests, entitles the respondent to a dissolution of the temporary injunction issued, yet the injunction can and should be continued in force if it appears that irreparable injury may follow, or that it would be inequitable to dissolve the injunction.—*Turner v. Stephens*, 106 Ala. 547, 17 South. 706; *Satterfield v. John*, 53 Ala. 127; *Chambers v. Ala. Iron Co.*, 67 Ala. 353.

The decree of the city court is reversed, and one is here rendered overruling the demurrer to the bill, holding that the pleas are insufficient, continuing the injunction, and remanding the cause.

Reversed, rendered, and remanded.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.