# J. A. Fay & Egan Co. *v.* Independent Lumber Co.

*Bill to Cancel Contract and to Enjoin Suit at Law.*

(Decided May 30, 1912.   Rehearing denied June 29, 1912.
59 South. 470.)

1. *Cancellation of Instruments; Remedy at Law.*—A bill to cancel and rescind a contract of sale is not rendered objectionable by the fact that the buyer might sue at law for breach of warranty or for deceit.

2. *Same; Pleading; Inadequate Remedy.*—A bill to cancel a contract of sale for fraud, relying upon extrinsic evidence to establish the fraud, and negativing an adequate legal remedy, states a case for equitable relief.

3. *Contract; Fraud; Invalidity.*—Where a contract is invalid because of fraudulent representation, it is wholly void and no part of it is binding upon the party defrauded.

4. *Sales; Laches; Rescission.*—Where a buyer of machinery files a bill to cancel and rescind a contract of sale as soon as the defects in the machinery were discovered after the machinery was given a reasonable test, he is not guilty of laches.

(Mayfield and Sayre, JJ., dissenting.)

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Independent Lumber Company against J. A. Fay & Egan Company, to cancel a contract for fraud, and for an injunction against a suit at law. From a decree overruling demurrers to the bill respondent appeals. Affirmed.

EUGENE BALLARD, for appellant.   The contract contained an express warranty covering the particular points about which complaint is made, and parol evidence cannot be introduced to add to that warranty.— 17 Cyc. 596; Mecham on Sales, sec. 1254.   By exacting a warranty all prior representations were merged into

[J. A. Fay & Egan Co. v. Independent Lumber Co.]

the contract, thus preventing it amounting to a false representation.—Page on Contracts, sec. 61, 130 U. S. 643; 90 Fed. 556; 129 Mich. 209, and cases there cited. —Scott v. Holland, 132 Ala. 389. Parties to a contract may provide an acceptance and make such acceptance conclusive proof of the fulfillment of the warranty.— Stevens v. Hertzler, 109 Ala. 423; 94 Mich. 140; 133 N. Y. 140; 52 Neb. 277. A failure to observe the terms of the contract will be deemed an acceptance of the goods, and the sale becomes absolute.—92 Ga. 273; 3 N. D. 220. A vendor must offer to rescind promptly.—Ansley v. Bank of Piedmont, 113 Ala. 467. The representations were no more than opinions or belief, and do not amount to a fraud that would entitle the vendee to relief here.—Joseph v. Decatur L. Co., 102 Ala. 346; Bradford v. Elyton L. Co., 93 Ala. 527; Cook v. Cook, 100 Ala. 175; Johnson v. N. B. & L. Assn., 125 Ala. 465. Damages for deceit are not recoverable in a court of equity.—W. T. Adams Mach. Co. case, 56 South. 826.

REESE & REESE, for appellee. Where demurrers are filed to the whole bill and are valid as to only a portion of the bill, they are properly overruled.—134 Ala. 420; 167 Ala. 621. It is no objection to the equities of the bill to rescind a contract for fraud that the vendee may sue at law upon a covenant of warranty contained therein.—Cullom v. Bank, 4 Ala. 21;·51 Ala. 158; 126 Ala. 168. To invoke the doctrine of acceptance and to make such acceptance proof of the fulfillment of the warranty, there must be a valid contract, and if the contract be invalid by reason of fraud or deceit, it is void as to the party defrauded.—Burroughs v. Pacific G. Co., 81 Ala. 255; Sheehan v. Brown, 167 Ala. 534. The bill shows fraud, and is supported by sections 4298-9, Code 1907.—Perry v. Boyd, 126 Ala. 168. The

contract being void for fraud and deceit, the court will so declare, and then proceed to settle all the rights of the parties.—*Andrews v. Frierson,* 134 Ala. 631.

ANDERSON, J.—The bill in this case is filed to cancel or rescind a contract of sale which the complainant claims to have been induced to enter into through the fraudulent acts and representations of the respondents. It is no objection to the equity of the bill that the vendee may sue at law for a breach of warranty or for deceit.—*Perry v. Boyd,* 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; *Cullum v. Branch,* 4 Ala. 21, 37 Am. Dec. 725; *Baptiste v. Peters,* 51 Ala. 158.

Nor can there be any doubt as to the equity of the bill. It seeks to cancel the contract of sale for fraud and relies upon extrinsic evidence to establish said fraud, and negatives an adequate remedy at law.— *Hodge v. McMahan,* 137 Ala. 171, 34 South. 185; *Merritt v. Ehrman,* 116 Ala. 278, 22 South. 514; *Andrews v. Frierson,* 134 Ala. 631, 33 South. 6; *Pinkston v. Boykin,* 130 Ala. 483, 30 South. 398; *Hafer v. Cole,* 57 South. 757.

If the complainant was fraudulently induced to enter into the contract and to execute the same, it would not, of course, be bound by any particular clause of same concluding it against setting up false and fraudulent representations within a proper and reasonable time. If the instrument was void for fraud in its execution, as alleged in complainant's bill, it was of no more binding efficacy upon the complainant than if it had no existence, or were a piece of waste paper.—*Burroughs v. Pac. Guano Co.,* 81 Ala. 255, 1 South. 212.

Nor does the bill show, upon its face, laches on the part of the complainant, as it expressly avers action and an offer to rescind as soon as it was finally demon-

[J. A. Fay & Egan Co. v. Independent Lumber Co.]

strated and ascertained that the representations, as made to the complainant, and which induced it to purchase the machine, were false. In other words, the bill avers that the detention of the machine and the failure to at once offer to rescind was superinduced by an effort on the part of the respondents to demonstrate that the machine would accomplish the work as represented, and it was given an opportunity to repair or regulate the same, and, after repeated efforts on its part to make it do the requisite work, it was demonstrated that it could not, and the complainant then and there offered to rescind and demanded a restoration of the status quo.

The bill plainly shows that the representations were more than the mere expression of an opinion and clearly sets out that the complainant was induced by said representations to purchase the machine and to enter upon the said contract.

The chancery court did not err in overruling the respondents' demurrers to the bill, and the decree is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, McCLELLAN, and SOMERVILLE, JJ., concur. MAYFIELD and SAYRE, JJ., are of the opinion that there is no equity in the bill, and dissent.

MAYFIELD and SAYRE, JJ.— (dissenting.)—In our opinion the bill contains no equity, and the demurrer should have been sustained.

No one denies or doubts that courts of equity have the power, in proper cases, to cancel contracts for fraud or deceit; nor do we doubt the correctness of the authorities relied upon to affirm this case. Such au-

thorities state sound and, in the main, elementary principles; but in our judgment the bill in this case does not make a case within the rules declared in the majority opinion and in the authorities cited. The facts averred in the bill in substance are that appellant sold appellee a lot of sawmill machinery, including a lumber dressing machine; that the contract of sale was conditional, and in writing; that notes were given for the deferred payments; that the aggregate consideration or price was several thousand dollars; and that plaintiff paid all of the purchase price, as it matured, except $300 or $400.

The conditional contract of sale contained the usual provision that the vendor could retake possession of any or all of the property upon failure or default in the payment of any of the deferred payments or parts thereof.

After keeping all the property and using it for some time, appellee, the purchaser, became dissatisfied with the dresser on account of its capacity, claiming that it was deceived and defrauded by the vendor through known false statements or representations as to the capacity of the machine to dress lumber, and declined to keep the machine longer, and refused to pay the balance due the vendor, notifying the vendor to this effect, and also that the machine would be thereafter held subject to its order, but claimed damages for the deceit and fraud practiced on appellee in the sale of the machine. Appellee, however, declined to deliver the machine unless the vendor would pay a large amount of damages.

The vendor (appellant) thereupon brought an action of detinue for the machine, thereby waiving its right to recover on the notes. Thereupon this bill was filed, seeking a rescission and cancellation of the contract of sale and of the unpaid notes on account of the fraud and deceit, to recover damages on account of such de-

ceit, to enjoin the detinue suit, and to have declared and enforced a lien upon the dresser as to the damages decreed.

If there be any equity in such a bill, we fail to recognize it.

It will be observed that the bill shows that the contract is executed, except as to the payment of the small balance due, and that in so far as it is not executed it was mutually and voluntarily rescinded before the filing of the bill.

How can a court, even a court of equity, do that which is already done?

As to the cancellation of the unpaid notes, the bill does not aver that they are negotiable and does not show that there has been or will be any demand for payment, but, on the contrary, shows that they cannot be collected, because the contract has been rescinded and an action brought to recover back the dresser.

The real excuse assigned why this bill is filed is that, while the statute will allow the vendee to set off or recoup damages in defense of the action of detinue, yet it will allow no more damages than the defendant owes the plaintiff, or such only as will destroy the plaintiff's title. In other words, the statute will not allow a judgment over for the defendant.

So far as its injunctive feature is concerned, the bill alleges that the vendee had rescinded the sale and tendered back the chattel, before bill filed; and it herein concedes that the machine is the property of the vendor, that it is entitled to the possession thereof, and that the vendee's only claim is for damages.

The real question and the only dispute between the parties is damages vel non, and the amount thereof, as for deceit or fraud.

We do not think that this gives the bill equity merely because the defendant is a nonresident. A court of law has just as much jurisdiction in such case as a court of equity, and is the appropriate forum to award damages.

