(96 South. 760)

## BRENARD MFG. CO. v. CANNON.
### (6 Div. 841.)

(Supreme Court of Alabama. May 10, 1923.
Rehearing Denied June 14, 1923.)

1. **Sales** ⊚⟞38(7)—**Seller's fraud inducing buyer to sign, good defense though he might have read the contract.**

That seller's agent fraudulently and in material particulars misrepresented the contents of the contract, inducing buyer to sign, was a good defense, though he might have read the contract.

2. **Principal and agent** ⊚⟞175(1)—**Principal bound by agent's representations.**

Principal electing to stand by the contract made by his agent was bound by the agent's representations in making the contract.

3. **Trial** ⊚⟞85, 96—**Objection and motion to exclude directed to answer as a whole held insufficient.**

There was no error in admitting the relevant answer of witness, though part may have been objectionable as a conclusion, where the objection was not on such ground and the motion to exclude did not discriminate between the competent and incompetent parts.

4. **Appeal and error** ⊚⟞695(2)—**Refusal of general charge not reviewable where bill of exceptions does not contain the evidence.**

Where the bill of exceptions does not purport to contain all the evidence, the court cannot intelligently review the refusal of the general charge requested by appellant.

Appeal from Circuit Court, Fayette County; J. J. Curtis, Judge.

Action on the common counts, for goods and wares sold, etc., by the Brenard Manufacturing Company against Theron Cannon. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Assignments of errors 2 and 3 are as follows:

"(2) The court erred in overruling appellant's objection to the following question propounded to Dovie Johnson, a witness for appellee: 'Did you hear the agent of the plaintiff, the Brenard Manufacturing Company, make any statement or representation to Mr. Cannon about the phonographs?'"

"(3) The court erred in overruling appellant's motion to exclude the following answer to the foregoing question: 'I heard a part of it. He made a paying proposition to him, and told him, he says, "All I ask you to do, I will ship the machines out to you, and I will come back and sell them; all I want you to do is to give me selling space in your store, and when they come I will come and sell them."'"

Dodson & Butts, of Tuscaloosa, for appellant.

When any contract, agreement, or understanding has been reduced to writing and is evidenced by a document or series of documents, the contents of such documents cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence. 22 C. J. 1070; Leftkovitz v. First National Bank, 152 Ala. 521, 44 South. 613; Wikle v. Johnson Laboratories, 132 Ala. 268, 31 South. 715; Town of Brewton v. Glass, 116 Ala. 629, 22 South. 916. Where a person signs an instrument without reading it, if he can read, the legal effect of his signature cannot be avoided by showing his ignorance of its contents, in the absence of fraud, deceit, or misrepresentation of some material fact willfully made to deceive, and upon which the opposite party acted to his injury. Burroughs v. Pacific Guano Co., 81 Ala. 255, 1 South. 212; Martin v. Smith, 116 Ala. 639, 22 South. 917.

S. T. Wright, of Fayette, for appellee.

Where the purchaser's signature is procured by fraud, a contract for the sale of goods is void. Donald-Richard Co. v. Keel, 18 Ala. App. 150, 89 South. 102. The appellant was bound by the representations of its agent. It could not ratify the sale in part and reject in part. Philips & Buttorff Mfg. Co. v. Wild Bros., 144 Ala. 545, 39 South. 359; Garner v. Ruffner, 206 Ala. 666, 91 South. 580; 31 Cyc. 1587.

SAYRE, J. [1, 2] The substance of plea 3 is that plaintiff's agent when negotiating a sale of the goods, the price of which plaintiff seeks to recover, falsely and fraudulently in material particulars, which are set out, misrepresented the contents of the paper writing signed by defendant as evidence of the contract of sale and its several stipulations; that defendant relying upon such representations signed the contract without knowing the contents; and that, upon receiving the goods and discovering the fraud, defendant rescinded the contract and offered to return the goods, which offer being refused defendant has since held the goods as bailee for plaintiff. This was a good plea. Moline Jewelry Co. v. Crew, 171 Ala. 415, 55 South. 144. Nor does the fact that defendant had an opportunity to search the contract, but neglected to do so, estop him to deny any deceit practiced in the procurement of its execution. Leonard v. Roebuck, 152 Ala. 312, 44 South. 390. And plaintiff, electing to stand by the contract made by its agent, was bound by his representations in making the contract. Philips & Buttorff Co. v. Wild Bros., 144 Ala. 545, 39 South. 359.

[3] The evidence admitted by the court over plaintiff's objection tended to sustain the allegations of plea 3 and was admitted without error. It may be that a part of the answer of the witness Dovie Johnson, made the subject of the third assignment of error, was open to the objection that the witness was stating a mere conclusion, but no

---

objection was taken on that ground, nor did plaintiff in its motion to exclude make any effort to discriminate between the competent and incompetent parts of the answer, parts of which were certainly unobjectionable. The objection was addressed to the answer as a whole.

[4] The bill of exceptions does not purport to contain all the evidence, and we cannot intelligently review the action of the trial court in refusing the general charge requested by plaintiff. Morrow v. Beck, 207 Ala. 339, 92 South. 449.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.