(97 South. 696)

J. B. COLT CO. v. PRICE.   (4 Div. 80.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Pleading  ⬤⇒90—Plea of rescission for fraud in procuring contract held not duplicitous.

A plea not denying receipt and possession of an apparatus purchased, but alleging procurement of the contract by fraud, the true contract, including a warranty of material, workmanship, and durability, its breach, and defendant's rescission therefor, and that defendant held the property subject to plaintiff's disposal, *held* a plea of rescission, not bad for duplicity as combining separate defenses.

2. Sales  ⬤⇒378—Fraud in procuring contract for purchase of carbide generator held sufficiently alleged.

Fraud in procuring execution of a contract for the purchase of a carbide generator *held* sufficiently alleged by the buyer's plea in the seller's suit for breach of contract.

3. Sales  ⬤⇒38(7)—Buyer neglecting to search writing tendered for signature not estopped from alleging deceit in procurement of contract.

That a buyer had an opportunity, but neglected, to search the writing tendered to him for signature does not estop him from alleging deceit in procuring its execution.

4. Corporations  ⬤⇒426(10)—Principal standing by agent's contract bound by latter's representations.

A corporation electing to stand by its agent's contract is bound by his representations as to its contents.

5. Fraud  ⬤⇒23—Statements of fact presumably within knowledge of maker may be relied on without independent investigation.

A party to whom statements are made as of fact, especially concerning matters presumably within the knowledge of the party making them, may rely thereon, where there is nothing to arouse suspicion, without independent investigation.

6. Sales  ⬤⇒38(3)—Statement as to character and effect of writing tendered for signature held statement of fact.

A representation that a sales contract tendered for signature was not binding, but

only a shipping bill, *held* a statement of fact, even if only an expression of opinion as to the legal effect of the writing, being an affirmation of the fact of a bona fide opinion.

**7. Fraud ⬅64(2)—Whether statement was fraudulently made to mislead, abuse confidence, or blind judgment generally for jury.**

Whether a statement of fact was falsely and fraudulently made to mislead or cheat another, abuse his confidence, or blind his judgment is generally a question of fact for the jury.

**8. Trial ⬅84(5)—Testimony as to matters provable by original writings properly excluded despite failure to specify grounds of objection to questions when asked.**

Testimony as to matters of which there is better evidence in the form of original writings, which should be produced or accounted for, is properly excluded, notwithstanding objector's failure to specify grounds of objection when the questions were asked; such objections going to the legality of the evidence.

**9. Evidence ⬅434(8)—Assignments of error in admission of evidence of oral agreement between parties to written contract procured by fraud without merit.**

Where fraud in procuring a contract was sufficiently pleaded and substantially proved, assignments of error, on the theory that the paper signed by the party complaining was the sole memorial of the contract, and hence that evidence should not be admitted to show the parties' oral agreement, are without merit.

**10. Trial ⬅139(1)—Plaintiff's request for directed verdict properly refused where evidence tended to support defendant's special pleas.**

Where there was evidence tending to support defendant's special pleas, plaintiff's request for the general affirmative charge was properly refused.

**11. New trial ⬅70—Overruling plaintiff's motion not error where evidence tended to support every element of defendant's case.**

In a seller's action for breach of contract, where defendant's evidence tended to support every element of his pleaded defense of fraud, and satisfactorily explained, if believed, his delay in notifying plaintiff of his rejection of the apparatus sold and his holding thereof subject to plaintiff's order, the court did not err in overruling the latter's motion for new trial.

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

Action by the J. B. Colt Company against J. C. Price. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Defendant's plea 5 is as follows:

"Fifth. That, on, to wit, during the month of April, 1919, one M. L. Thomas, who represented himself to defendant as the agent of J. B. Colt Company, told defendant he was selling for said company a carbide generator, with burners, globes, fixtures, pipes, and all supplies necessary to make good and sufficient lights for defendant's residence; that said generator was automatic in action, and the pipes, fixtures, and materials were galvanized, durable, and of the very best material; that the cost of operating said machine was so small that two cans of carbide would run it for 12 months; that, as said company did not want any dissatisfied customers, they would ship said machinery and fixtures to defendant at the expense of the company, and install said machinery in defendant's house at the expense of the company, and let defendant try it out, and if it gave satisfaction to the defendant he was to execute his notes to the company, payable one year from the installation of said machinery, for the price of said machinery, and, if, after said machinery was tried out by the defendant, it did not give satisfaction to defendant, then there was no trade, and the machinery belonged to the company, and defendant did not have to pay for it. And defendant avers that he agreed with said agent of said company to purchase said machinery on said terms, and when said machinery was installed by said company he would try it out, and if it gave satisfaction he would execute his notes to said company for the price of said machinery, payable one year from the time said machinery was so installed, and if it did not give satisfaction he would notify the company so they could send and get the machinery. Defendant further avers that after this agreement was reached between the plaintiff and defendant plaintiff handed to defendant a paper, and asked him to sign it, and defendant thereupon asked plaintiff what it was he wanted him to sign, and plaintiff thereupon said, 'Oh, there is nothing binding about this, it is only a shipping bill,' and pointed to the place for defendant to sign, and, fully relying upon said representations made by the plaintiff, defendant signed said instrument without reading it, and without knowing its contents. And defendant avers that said representations made by the plaintiff to defendant pending the negotiation of the sale of said machinery, and at the time said instrument was signed, were material, and were relied upon by the defendant, and that in reliance upon them he was induced to enter into a contract which he did not agree to enter into, and which he did not know he was entering into. And defendant avers that said representations were false, in that the instrument signed by the defendant purports to be an agreement between the plaintiff and the defendant obligating the defendant to purchase said machinery absolutely and erect it at his expense, waiving any right to countermand, and alleging that all verbal representations made by the agent of the company are merged into said written agreement, and said representations are false, in that said machinery was not automatic in action, was not of good galvanized material, and that after it was installed in the house of defendant it not only required more than twice the amount of carbon which plaintiff represented it would require, but it leaked gas so badly that it was detrimental to the life and health of defendant and his family to occupy said house while said machine was in

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

operation; that said machinery was wholly worthless, and, after defendant had tried it out for a reasonable length of time, within less than 12 months from the installation of said plant, he notified plaintiff that said machinery was not what it was represented to be, that it was worthless to him, and that he would not pay for it, and that it was there subject to the disposal of the plaintiff, but plaintiff refused to accept said machinery and release defendant from further obligation as he agreed to do."

Thompson & Thompson, of Birmingham, and C. C. Brannen, of Troy, for appellant.

Different and even inconsistent defenses may be set up in the same case; however, if more than one defense is set up, it must be done in separate pleas. Two or more separate and distinct defenses cannot be combined in one and the same plea. Berlin Mach. Wks. v. Ewart Lbr. Co., 184 Ala. 272, 63 South. 567. Under contract of sale, which gives the right to return the goods under certain conditions, the purchaser forfeits the right to reject and return them, if not rejected and returned in the time specified, or, when no time is specified within a reasonable time, and an averment that the goods are worthless is no defense. Manchester Sawmills v. Arundel, 197 Ala. 505, 73 South. 24. A party claiming to have been deceived or defrauded, after discovering such deceit or fraud, who does not promptly avail himself of his right to rescind the contract, thereby loses such right. Ansley v. Bank, 113 Ala. 467, 21 South. 59, 59 Am. St. Rep. 122. Where one signs a paper at the instance of another, which the party signing could read, and which he had an opportunity of reading, and was not fraudulently prevented from reading, there is not, in a legal sense, such a fraud as would vitiate the instrument on the grounds of misrepresentation of its contents. Butler Cot. Oil Co. v. Campbell, 16 Ala. App. 445, 78 South. 643; Dunham Lbr. Co. v. Holt, 123 Ala. 336, 26 South. 663; 23 Cyc. 1019. Objections to questions in interrogatories, made for the first time at the trial of the case, come too late. So. Ry. v. Bailey, 112 Ala. 176, 20 South. 313; L. & N. v. Hall, 91 Ala. 112, 8 South. 371, 24 Am. St. Rep. 863; Wilkinson v. Moseley, 30 Ala. 562; Walker v. Walker, 34 Ala. 469. Motion to exclude answers to questions in interrogatories which have not been objected to, when responsive to the question, come too late. Creel v. Keith, 148 Ala. 233, 41 South. 780; Liverpool, L. & G. Ins. Co. v. Tillis, 110 Ala. 201, 17 South. 672; Curtis v. Parker, 136 Ala. 224, 33 South. 935; L. & N. v. Hall, 91 Ala. 119, 8 South. 371, 24 Am. St. Rep. 863. The general rule is that a person dealing with an agent does so at his peril, and is charged with knowing the extent of the agent's authority. Alfred Shrimpton & Sons v. Brice, 102 Ala. 655, 15 South. 452. The

general affirmative charge should be given when the evidence is without material conflict, is clear, and when only one legal conclusion can be drawn from it. Hall v. Hall, 47 Ala. 290; Johnson v. Martin, 54 Ala. 271; 2 Mayfield, Dig. 562.

T. L. Borom and W. L. Parks, both of Troy, for appellee.

A principal, who seeks to avail himself of a contract made by another for him, is bound by representations made, and the methods employed by the agent to effect the contract. Williamson v. Tyson, 105 Ala. 644, 17 South. 336; Atwood v. Wright, 29 Ala. 346. When the signature of a person to an instrument not commercial paper is procured by fraud of misrepresentation, it will be held void, notwithstanding his failure to read before signing. Burroughs v. Pacific Guano Co., 81 Ala. 255, 1 South. 212.

SAYRE, J. Plaintiff, appellant, sued to recover damages for the breach of a written agreement whereby plaintiff undertook to furnish apparatus for lighting defendant's dwelling, for which defendant agreed to pay $239.60. The agreement is exhibited with counts 1, 2, and 3. Count 4 is the common count for the price of goods, wares, and merchandise.

[1-5] Demurrer to defendant's plea 5 was overruled, and this ruling is assigned for error. It is urged that the plea is bad for duplicity, for that it combines two separate and distinct defenses. Sloss-Sheffield Co. v. Smith, 166 Ala. 443, 52 South. 38; Berlin Mach. Works v. Ewart, 184 Ala. 272, 63 South. 567. In inverted order of allegation the plea, while admitting by not denying the receipt and possession of the apparatus, avoids the contract stated in the complaint by alleging the procurement of its execution by fraud, alleges the true contract—among other things a warranty of the material, workmanship, and durability of the apparatus—its breach, defendant's rescission, in effect, on that account, and that defendant holds the property subject to plaintiff's disposal. The plea is a plea of rescission and presents a single defense. Fraud is sufficiently alleged. Moline Jewelry Co. v. Crew, 171 Ala. 415, 55 South. 144; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 South. 760. That defendant had an opportunity to search the paper writing tendered to him for signature, but neglected to do so, does not estop him to allege the deceit practiced in the procurement of its execution. Leonard v. Roebuck, 152 Ala. 312, 44 South. 390. And plaintiff, electing to stand by the contract made by its agent, is bound by his representations as to its contents. Williamson v. Tyson, 105 Ala. 653, 17 South. 336; Philips & Buttorff Co. v. Wild, 144 Ala. 545, 39 South. 359.

"Where statements are made as of fact, especially where they concern matters which may

be assumed to be within the knowledge of the party making them and where there is nothing to arouse suspicion, the party to whom they are made has a right to rely upon them without instituting an independent investigation." Tillis v. Smith Sons Lumber Co., 188 Ala. 132, 65 South. 1017.

[6, 7] Nor was the representation alleged a statement of mere opinion. It was a statement of fact; or, if by any construction it may be taken as an expression of opinion as to the legal effect of the writing, it was, in the circumstances alleged, none the less an affirmation of fact, that is, of the fact of a bona fide opinion, and, if it was falsely and fraudulently made "to mislead or cheat another, to abuse his confidence, or to blind his judgment [and this is generally a question of fact for the jury] it is in law and morals as reprehensible as if any other fact were affirmed for the like purpose." Tillis v. Smith Sons Lumber Co., supra. In this connection appellant seems to rely on Fulton v. Sword Medicine Co., 145 Ala. 331, 40 South. 393, as holding that appellee was bound by the written instrument signed by him; but in that case there was no charge that the buyer's signature had been procured by fraud. Like considerations suffice to dispose of the objections to pleas 6 and 7.

[8] It appears that the court sustained defendant's objections to the testimony sought by the questions shown in assignments of error 8 to 10½, both inclusive, on the ground that there was better evidence of the matters sought to be proved, original writings, which should have been produced or accounted for. Such objections went to the legality of the evidence offered and it was properly excluded notwithstanding defendant's failure to specify grounds of objection when the questions were asked. Kramer v. Compton, 166 Ala. 216, 52 South. 351.

[9] Several assignments of error proceed upon the theory that the paper writing signed by appellee became the sole memorial of the contract between the parties, and therefore that evidence should not have been admitted to show the oral agreement between the parties; but of course this argument depends upon appellant's contention that there was no sufficient plea of fraud in the procurement of the writing, and this contention, as we have seen, cannot be sustained. There were sufficient pleas alleging fraud, and they found substantial support in the evidence.

[10, 11] Plaintiff's request for the general affirmative charge was properly refused; there was evidence tending to support defendant's special pleas. Nor can we affirm error of the action of the court in overruling plaintiff's motion for a new trial. Defendant's evidence tended to support every element of his pleaded defense, offered, if believed, satisfactory explanation of appellee's delay in notifying appellant of his rejection of the apparatus, and that thereafter appellee would hold it subject to appellant's order; nor can we say that the jury were clearly wrong in giving credence to appellant's testimony, as very clearly they did.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.