(118 So. 580)

**GRISSOM v. J. B. COLT & CO.**  (8 Div. 13.)

Supreme Court of Alabama.   Nov. 8, 1928.

Monette & Taylor, of Birmingham, Stell & Quillin, of Russellville, and Wilfred C. Roszel, of New York City, for appellee.

Williams & Chenault, of Russellville, for appellant.

GARDNER, J. Suit on promissory note executed by appellant to appellee. There was judgment for the plaintiff, from which defendant prosecutes this appeal.

Plaintiff, through its agent, sold defendant necessary apparatus for installation of a lighting plant in his home. The contract therefor was in writing, signed by defendant, and forwarded to the plaintiff's home office for acceptance. Upon acceptance, blank promissory note was forwarded by mail to defendant, and by him signed and returned. There were renewals of this note, and the suit is based upon the last renewal note, given by defendant to a "collecting agent." Both the contract and note call for payment of the purchase price in money.

Among the defenses interposed to this action is one set up by way of special plea to the effect that there was a conditional delivery of the note, the condition being that it was payable only in work in installment of other plants, and that plaintiff had not yet supplied the work. Appellant cites section 9044, Code of 1923, and the case of Bank of Tallassee v. Jordan, 200 Ala. 182, 75 So. 930, while appellee directs attention to the statement in the opinion of Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157, to the effect that the above noted section has reference only to "a conditional or special delivery to the payee or holder, of which he is advised at the time, and not to a delivery by an obligor to an agent * * * for transmission to the payee," and insists, therefore, as the delivery here was to an agent, the cited Code provision is without application.

This question we may pass by, however, without consideration, for the reason that we are persuaded under the undisputed proof there was no conditional delivery of the contract or the note which forms a part thereof. That defendant intended an actual delivery of the contract and note is established without conflict. His testimony at most tends to establish a collateral understanding or agreement that he be permitted to install plants and in that manner pay for the note. But, as previously noted, the contract and note called for payment in money. An agreement, therefore, for payment in work would be in direct contradiction of the contract expressed in writing. To permit such proof to establish a conditional delivery would contravene the well-established rule that parol evidence is not admissible to vary and contradict the plain and unambiguous language of a written contract. The following cases sustain this conclusion: Miller Bros. v. Direct Lbr. Co., 207 Ala. 338, 92 So. 473; Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; Alabama Trunk Co. v. Hauer, 214 Ala. 473, 108 So. 339. The defense, therefore, presented by this plea, could not serve to defeat plaintiff's recovery.

In plea 5 defendant alleges false representation by the agent as to the quality of the material, and that it would not rust and would last 25 years, all of which was represented as embodied in the contract, and which representations were falsely made for the purpose of inducing defendant's signature thereto. The rule of law insisted upon by appellant that one who elects to stand by a contract made by his agent, is bound by the representations as to its contents, is well recognized and not controverted. J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696.

Counsel for appellee construe this fifth plea as one of rescission for fraud, and insists that the evidence without dispute discloses a waiver of the right to rescission by long delay without notification whatever to plaintiff after discovery of the alleged fraud and no offer to return the property received by defendant. Fuller v. Chenault, 157 Ala. 46, 47 So. 197; Eagan Co. v. Johnson, 82 Ala. 233, 2 So. 302; Southern States Fire Ins. Co. v. De Long, 178 Ala. 110, 59 So. 61; Stephenson v. Allison, 123 Ala. 439, 26 So. 290; Frith v. Hollan, 133 Ala. 583, 32 So. 494, 91 Am. St. Rep. 54; Everett v. Pickens, 203 Ala. 322, 83 So. 33; 2 Williston on Sales, §§ 648, 649; 9 Cyc. 435; Clough v. London, etc., 41 Law J. Exch. 17.

But the defrauded purchaser is not confined to his remedy by way of rescission. He may affirm the contract and upon being sued for the purchase price set up the fraud by plea of recoupment and then abate the price agreed to be paid. Fuller v. Chenault, supra; Eagan v. Johnson, supra; 2 Williston on Sales, §§ 645, 646. "He is not required, * * * to demand a rescission. He may keep the property, and claim damages for the imperfection or deficiency, either by way of recoupment, or by separate action, if necessary or advisable." Eagan v. Johnson, supra.

The plea makes no reference to rescission or any repudiation of the contract. In the case of Lowery v. Mut. Loan Soc., 202 Ala. 51, 79 So. 389, this court considered pleas of similar character, and concluded they were properly to be construed as pleas of recoupment. Following in the wake of this authority, we are of the opinion plea 5 should likewise be so construed. Though no direct reference in this respect is made thereto in brief of counsel for appellant, yet we gather therefrom that counsel have also considered the plea as one in recoupment. Any deficiency as a plea of this character is not a matter here presented for our determination. But, as said in 24 R. C. L. p. 107:

"When the buyer sets up in recoupment his claim for damages for breach of warranty or fraud on the part of the seller he must make out such a case as would warrant a recovery in an action therefor."

The general rule as to measure of damages is the difference between the value of the article actually furnished the buyer and the value the article would have had if the article had the qualities which it was warranted or represented to have. 2 Williston on Sales, §§ 613 and 646; 13 Michie Dig. p. 1172; Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 65 So. 1015; Wilson v. New U. S. Co. (C. C. A.) 73 F. 994; Chapman v. Dowling Hdw. Co., 205 Ala. 586, 88 So. 748.

Defendant did not with his proof meet the requirement of this rule, and indeed there is no evidence of any character as to the difference in the value of the apparatus when delivered and its value as represented. The nearest approach thereto was the statement of defendant, as his opinion, the plant could not be used for any purpose. The witness

admitted that metals of such character are used for many things as to which he was without experience, but in any event the statement above referred to could not be construed as serving the purpose of proof as to value or that the property had no intrinsic value. Curb v. Stewart, Adams & Co., 210 Ala. 341, 98 So. 24; Eastern Granite Roofing Co. v. Chapman & Co., 140 Ala. 440, 37 So. 199, 103 Am. St. Rep. 58.

In this connection it should be kept in mind that the plant installed by defendant was operated and used for a period of nearly three years and without complaint, so far as the record discloses.

It therefore appears that any relief to defendant under said plea must rest entirely upon conjecture, which will not suffice. So far therefore as plea 5 is concerned, plaintiff was entitled to recover.

■ Plea 2 alleging a failure of consideration, without more, was insufficient, and the demurrer thereto was properly sustained. Carmelich v. Mims, 88 Ala. 335, 6 So. 913; Sims v. Herzfeld, 95 Ala. 145, 10 So. 227; 13 Corpus Juris, p. 742.

■ Plea 7 is properly to be construed as setting up a total failure of consideration. The following language from Everett v. Pickens, supra, is conclusive against relief to defendant under this plea:

"But if the purchaser receives possession and enjoys any substantial use of the property, his possession and use being rightful, it cannot be said that there is an entire failure of the consideration."

That the proof fails to sustain plea 3, which was to the effect that the note was without consideration, is too clear for discussion.

■ The execution of the note and the amount due thereon was without dispute, so far as the plea of the general issue was concerned. The questions sought to be propounded on cross-examination to the witness as to reasonable attorney's fee were irrelevant and objection thereto properly sustained.

Plea 6 sought recoupment as to the sum of $75. The verdict of the jury reduced the amount of recovery from the original indebtedness by $90, so it clearly appears the jury awarded recoupment under said plea in excess of the sum therein claimed.

We have here treated and considered each defense interposed as represented by the several pleas of defendant, and conclude that plaintiff was entitled to affirmative instructions for a judgment in the sum awarded by the jury's verdict, and any ruling on the evidence or charges given or refused would not change this result, and therefore no injury could have resulted to defendant therefrom.

A review therefore of the several assignments of error would serve no useful purpose, but they have been given due consideration by the court in consultation with the conclusion as above announced.

It results therefore that we find no reversible error in the record.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.