(130 So. 396)

**BELL, ROGERS & ZEMURRAY BROS. v. JENKINS.**

7 Div. 969.

Supreme Court of Alabama.

Oct. 23, 1930.

Pruet & Glass, of Ashland, for appellant.

Hardegree & Cockrell and C. W. McKay, all of Ashland, for appellee.

FOSTER, J.

■ "In order to let in evidence of a collateral agreement between the parties, such agreement must be consistent with the terms of the writing; if the evidence tends to vary or contradict the terms of the written instrument, or to defeat its operation, it cannot be received." 22 Corpus Juris, 1248.

■ But it is equally well settled that evidence of a collateral parol agreement about the same matter as that of the writing, but which does not vary or contradict the writing, is admissible upon proper pleading. Middleton v. Alabama Power Co., 196 Ala. 1, 71 So. 461; Roquemore v. Vulcan Iron Works, 151 Ala. 643, 44 So. 557; Maness v. Henry, 96 Ala. 454, 11 So. 410; Jefferson County Sav. Bank v. Compton, 192 Ala. 16, 68 So. 261; Mid-Cont. Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373.

■ In this case it is claimed that the payee. and mortgagee of a note and mortgage upon crops agreed, at the time of taking the note and mortgage given as the price of seed and fertilizer to make a crop, that he would purchase the potatoes when ready for the market at the market price. This does not in any manner vary or contradict the terms of the note and mortgage, but is a collateral agreement relating to the subject-matter of the mortgage, and our judgment is that the court properly admitted evidence of such agreement on the issue of set-off or recoupment.

■ While the rulings of the court on the question we have discussed were consistent with our conception of the law, we find that there appear reversible errors in some of the rulings on the evidence, and the charges given

for defendant. We think plaintiff should have been allowed to prove that he did offer to buy the potatoes at the market price, but advised that in his opinion the price would advance (10th assignment of error); also that it would take practically the price of the potatoes to gather and market them (11th assignment of error). Also that appellee offered to give a second mortgage on a farm in settlement of the note (17th assignment and 18th assignment). Also, that he told plaintiff's manager that he was going to settle the debt when he could (19th assignment), and that he never denied liability (20th assignment), and that he told Pitts, plaintiff's agent, it was a just and honest debt and that he was going to pay it (22d assignment), and likewise, as shown by the twenty-third, twenty-seventh, twenty-eighth, and twenty-ninth assignments.

We cannot agree with appellee that such evidence is not admissible because the original debt is not denied by defendant. These alleged admissions apparently occurred at a time when defendant contends that by reason of a breach of the contract by plaintiff the resultant damage was sufficient to cancel the entire debt. Plaintiff was denying the agreement or its breach, if made, and claiming that the whole amount was due. If defendant then admitted the existence of the debt, such admissions would tend to corroborate the contention of plaintiff. Whether the proper plea is set-off or recoupment, both of them may now be pleaded without confessing the plaintiff's claim—section 10180, Code—changing the law as stated in May Hosiery Mills v. Munford Cotton Mills, 205 Ala. 27, 87 So. 674. The jury should have the benefit of any admission of liability on the note after the time when it is now claimed that damage from the acts of plaintiff extinguished it.

■ We conclude that the court correctly permitted defendant to show his acreage in potatoes, how many he gathered and his estimate of his total crop.

■ The Supreme Court has often referred to the settled rule that, when a suit is brought by the vendor against his vendee on a contract negotiated for him by one acting as his agent, the vendor thereby ratifies the entire transaction, including representations, agreements, or guaranties as a part of the contract of sale. It is his duty to inform himself what representations may have been made. This is true, though the agent may have had no authority to make such representations or agreements. Williamson v. Tyson, 105 Ala. 644, 17 So. 336; Philips & Buttorff Co. v. Wild, 144 Ala. 545, 39 So. 359; Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Mid-Cont. Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; Grissom v. Colt, 218 Ala. 336, 118 So. 580; Colt v. Price, 210 Ala. 189, 97 So. 696.

Plaintiff's refused charges 3 and 6 fail to take note of this principle, and were properly refused.

Plaintiff's refused charges 4, 7, 8, 9, 11, and 13 ignore the right of defendant to show by way of recoupment the terms and breach of a contemporaneous parol agreement which does not vary or contradict the provisions of the note.

Plaintiff's refused charge 10 is substantially covered in the oral charge of the court.

■ Given charge 4 seems to be a proper application of the principles we have approved.

■ Given charges 7 and 8 are bad, because the doctrine there asserted only applies to the dependent covenants of a contract. Not as here, where plaintiff's breach is that of an independent covenant and is merely a matter of recoupment. Wise v. Sparks, 198 Ala. 96, 73 So. 394; McCormick v. Badham, 191 Ala. 339, 67 So. 609; Worthington v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382; 13 Corpus Juris 629.

■ Given charges 9 and 10 assumed the existence of a disputed contract and should not have been given, though the giving of them may not have been reversible error on that account.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.