### ABERCROMBIE v. MARTIN & HOYT CO.

6 Div. 393.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Nov. 9, 1933.

Jim Gibson and Edgar Allen, both of Birmingham, for appellant.

R. Dupont Thompson and Walter S. Smith, both of Birmingham, for appellee.

KNIGHT, Justice.

Suit by the Martin & Hoyt Company against the appellant, to recover the agreed price of a complete set of sixteen volumes, Library of Southern Literature. The price agreed to be paid for these books was $104.65, $5 of which was paid on the day the order was given plaintiff's representative, and the remainder was to be paid in monthly installments of $5 per month.

The fourth count of the complaint declared upon the written contract of purchase, which was executed by the defendant and delivered to plaintiff's salesman, and which the latter transmitted to plaintiff, and upon which the books were sold and delivered to defendant. This contract appears in the report of this case.

The defendant filed the plea of the general issue and a number of special pleas. The special pleas, with the exception of plea 7, set up fraud practiced by the plaintiff's agent on defendant in the procurement of the contract. The fraud alleged in plea 1 consisted in this: That the plaintiff's agent falsely represented to defendant that said books contained all the letters of General Robert E. Lee, that the representation was false and was made for the purpose of deceiving the defendant, and that he relied upon the representations and was deceived thereby. The second, third, and fourth pleas were similar to the first, except, in the second plea, the charge was that the plaintiff's agent represented that the books contained "all the writings of Abram J. Ryan." In the third plea, the charge was that the said agent represented that the books contained "all the writings of Mrs. Augusta Evans Wilson"; and, in the fourth plea, the charge was that this agent represented that the books contained "all the writings of Thomas Jefferson."

Each of the pleas averred that the defendant, upon discovery of the fraud, rescinded the contract, and offered to return the books to plaintiff.

We are not now concerned with the sufficiency of the pleas, as pleas of rescission, as the court held each of them to state a defense to the action.

There was verdict and judgment for plaintiff.

■ Only two errors are assigned upon the record. It is first insisted that the court committed reversible error in that part of its oral charge to the jury wherein the following statement is attributed to the court in the assignment of error: "The court tells you that this is a contract." The bill of exceptions shows on this point the following: "The defendant excepted to the following portion of the court's oral charge: 'The court is going to tell you that this is a contract.'" The paragraph of the court's oral charge, where the words, "The court is going to tell you this is a contract," appear, reads in its entirety as follows: "This is a contract sued on. It is not necessary to give you the definition of a contract, because the court is going to tell you that this is a contract that is set up in this last count of the complaint; that is the contract for the purchase of the books. Count four contains the allegations of the action on the contract and that contract— that instrument set out in that contract—I mean in that count, is a contract." It must be borne in mind that there was no plea of non est factum in the case.

We are fully persuaded that the court, in making the above statement, had reference solely to the pleading in the cause, for, in subsequent portions of his oral charge, the court instructed the jury that "the burden of proof is on the plaintiff to reasonably satisfy you from the evidence that the contract was made, first, the plaintiff before he could recover would have to establish to your reasonable satisfaction that the contract was signed, the one that is sued on here, and that the amount due was contracted to be paid, and that the goods agreed to be sold were delivered, when he has done that, he has made out his case." The defendant, testifying in his own behalf, admitted that he signed the contract for the books, but qualified the statement by saying he was induced to do so by the fraudulent and false representations of plaintiff's agent.

No error is shown in the above excepted to portion of the court's oral charge.

■ At the request in writing of the plaintiff, the court gave the jury the following written charge (10): "I charge you as a matter of law, gentlemen of the jury, that where a salesman sells books to a customer, who signs a written order to the principal reciting that the contract is not subject to cancellation by the buyer, nor to any agreement, verbal or otherwise, not endorsed on the written contract, the buyer or customer has notice of the salesman's want of authority to make verbal agreements varying the written order, and, if the salesman made oral representations other than, different from and contradictory to the terms of the written order,

the principal is not bound thereby, unless informed thereof before shipment of the books."

It must be borne in mind that the defendant by his special pleas was not endeavoring to alter or vary the terms of the written contract, but his effort was to show that the contract was procured by the false and fraudulent representations of plaintiff's agent, and that he was induced thereby to execute the same—quite a different proposition from an attempt to vary or alter the terms of the contract.

The general rule of law, that one who deals with an agent is bound to know the extent of his authority, is fully recognized, and one absolutely necessary to the protection of the principal in all actions brought against him founded upon contracts made by an agent. The doctrine is equally well established, and rests upon equally sound principles of law, that a principal who would seek to avail himself of a contract made by an agent for him, whether such agent be appointed or self-constituted, is bound by the representations made and methods employed by the agent to secure the execution of the contract. And it is the duty of the principal to inform himself as to what representations may have been made. This is true regardless of the fact that the agent had no authority to make such representations. Bell, Rogers, etc., Bros. v. Jenkins, 221 Ala. 652, 130 So. 396; Williamson v. Tyson, 105 Ala. 644, 17 So. 336; Philips & Buttorff Co. v. Wild, 144 Ala. 545, 39 So. 359; Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Mid.-Cont. Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; Grissom v. Colt & Co., 218 Ala. 336, 118 So. 580; Colt Co. v. Price, 210 Ala. 189, 97 So. 696.

In the case of Pacific Mutual Life Ins. Co. v. Strange, 223 Ala. 226, 135 So. 477, it is observed: "In respect to contracts generally, it is also said that this is true, notwithstanding any provision in it to the contrary. For, if the contract was procured by fraud, there is nothing in it of a binding nature. Fay & Egan Co. v. Independent Lbr. Co., 178 Ala. 166, 59 So. 470; Alabama Mach. & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; Brenard Mfg. Co. v. Pearson, 213 Ala. 675, 106 So. 171."

In the case of Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509, 511, there is an observation, here pertinent, that "A stipulation in the written contract that there are no verbal understandings not incorporated therein does not estop the party to set up fraud in verbal misrepresentations inducing the contract. Fraud vitiates the contract as a whole. The law does not countenance a contract against the consequences of fraud. Burroughs v. Pacific Guano Co., 81 Ala. 255, 1 So. 212; Fay & Egan

Co. v. Independent Lbr. Co., 178 Ala. 166, 59 So. 470; Brenard Mfg. Co. v. Jacobs & Padgett, 202 Ala. 7, 79 So. 305."

It therefore follows that the plaintiff, in requesting written charge 10, and the court in giving said charge, entirely misconceived the issues presented by defendant's pleas 1, 2, 3, and 4, which were pleas charging fraud to plaintiff's agent in the procurement of the contract of purchase from the defendant. This given charge, while it may and does doubtless state a sound proposition of law, in a proper case, was abstract, misleading, and positively erroneous in the case at bar. The court therefore committed error, prejudicial to the defendant in giving said charge, which must work a reversal of this cause.

There will be, we assume, a retrial of this cause. In order that our position, with reference to the sufficiency vel non of the special pleas charging fraud may not be misunderstood, we deem it not amiss to here say that we do not commit this court to the sufficiency of the pleas, in view of their failure to aver the time when the fraud was discovered, and that the defendant promptly after such discovery offered to return the books.

For the error in giving charge 10 at the request of the plaintiff, the judgment of the lower court must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.