153 So. 196

## CARDINAL HAT CO. v. LANDE.

### 5 Div. 176.

Supreme Court of Alabama.

March 1, 1934.

Atkinson & Foshee, of Clanton, for appellant.

Lawrence F. Gerald, of Clanton, for appellee.

KNIGHT, Justice.

Suit on account and for merchandise, goods, and chattels sold by appellant to appellee.

The defendant pleaded in short by consent, payment, general issue, tender, fraud, and breach of warranty. It appears also that the cause was tried upon the theory that there was also in the case a plea of rescission.

There were verdict and judgment for defendant on its plea of tender.

So far as the question of rescission is concerned, we may here and now dismiss it with the simple statement that, under the evidence, the defendant did not make good this defense, for, confessedly, to support such a plea, the defendant must have acted promptly in returning the goods—all of them. This he did not do, but, on the contrary, he kept such part of them as he thought came up to representations. This action on the part of defendant, purchaser, precluded rescission. Continental Jewelry Co. v. Pugh Bros., 168 Ala. 295, 53 So. 324, Ann. Cas. 1912A, 657; Eagan Co. v. Johnson, 82 Ala. 233, 2 So. 302; Jones v. Anderson, 82 Ala. 302, 2 So. 911; Willingham v. Wesley Hardware Co., 227 Ala. 280, 149 So. 703; Grisson v. J. B. Colt & Co., 218 Ala. 336, 118 So. 580.

The merchandise, consisting of a lot of hats, was sold by the traveling salesman of plaintiff to defendant, and the latter signed therefor an order, which contained the following provision: "Make claim for damage or shortage in transportation direct to carrier. No agreements with salesman valid unless written on order and accepted by us." While the goods were not sold by sample, yet the defendant's evidence tended to show that plaintiff's salesman made representations as to the quality and condition of the goods, and that they were salable, and not worthless.

The defendant's evidence tended to further show that eighteen dozen of the hats shipped by the plaintiff to him, under said order, were not as represented by plaintiff's salesman, were not salable, and were worthless. On receipt of the goods, the defendant shipped back to the plaintiff the damaged and unsalable hats, but kept the balance of the goods, and sent the plaintiff his check for $57.54 to pay for the goods retained. This check the plaintiff kept, but did not cash it. In transmitting the check the defendant wrote the plaintiff as follows: "I am enclosing herewith my check for $57.54 which is sent you in full and complete settlement of my account with you to date. This amount together with merchandise returned, covers my account in full, and if you desire to accept this settlement, it will be agreeable, otherwise please return this check. Your acceptance of this check will be deemed a settlement in full of all claims you have against me. This check and the return of the merchandise is all that I am willing to pay to settle my account with you."

The plaintiff did not decline the check on the ground that it was not the equivalent of money, but solely upon the ground that it was not sufficient in amount to pay the account.

The evidence on the part of the plaintiff tended to show that it shipped the defendant the class of goods he ordered, that they came up to all representations made by the salesman, and that there was no fraud or misrepresentation practiced upon the defendant either in the negotiations for the sale or in filling the order.

The evidence on the questions of fraud and misrepresentations and breach of warranty made the case one for the jury.

Inasmuch as defendant's attempt to rescind the sale and purchase was ineffectual by reason of his failure to return all the goods, the defendant's position is no better or worse than if there had been no such attempt, but had kept the goods in the first instance. That being true, it by no means follows that he will be required to pay the full contract price, if in fact a fraud was perpetrated upon him in the sale of the goods, or if the goods did not come up to representations made by plaintiff's traveling salesman. This is true, although there is a stipulation in the contract that "no agreements with the salesman valid unless written on order and accepted by us." Fraud vitiates the contract as a whole. The law will not countenance a contract against the consequences of fraud. Abercrombie v. Martin & Hoyt Co. (Ala. Sup.) 150 So. 497; [1] Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509. And the misrepresentations made by the salesman will be visited upon his principal. Bell, Rogers, etc., Bros. v. Jenkins, 221 Ala. 652, 130 So. 396; Mid-Cont. Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; Colt Co. v. Price, 210 Ala. 189, 97 So. 696; Williamson v. Tyson, 105 Ala. 644, 17 So. 336; Abercrombie v. Martin & Hoyt Co., supra.

In such circumstances, the defendant had two courses open to him, either of which he could have pursued. He could rescind the sale, in toto, by promptly returning the goods, or he could retain them and secure abatement of the purchase price. Under the pleadings in this case, if the character and condition and salable qualities of the goods were falsely represented to the defendant by plaintiff's traveling salesman, and a part of them were not as represented, the defendant was entitled to an abatement of the purchase price—all of which was a jury question. Grissom v. J. B. Colt & Co., 218 Ala. 336, 118 So. 580; Willingham v. Wesley Hardware Co., supra.

There were tendencies of evidence going to show that some of the hats were not as represented, and were worthless, and that defendant's tender (kept good by a deposit of the money in court) covered the contract price of the goods retained, which contract price the jury might well have found to be the market value of the same. In this state of the evidence the plaintiff was not entitled to the general affirmative charge in any of the forms requested by it.

Charge 4 requested in writing by the plaintiff was under the evidence and issues in the case positively misleading and abstract, and therefore refused without error.

■ Under the evidence in the record, we cannot affirm that the trial court committed error in overruling the plaintiff's motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Finding no reversible error in the record, the judgment of the circuit court must be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

