188 So. 260

## GILBERT v. WILSON et al.

### 7 Div. 549.

Supreme Court of Alabama.

March 30, 1939.

Rehearing Denied May 4, 1939.

Chas. F. Douglass, of Anniston, for appellant.

648

Knox, Acker, Sterne & Liles, of Anniston, for appellees.

THOMAS, Justice.

The suit was for damages for an assault. The complaint is in four counts to which demurrers were overruled.

Defendant filed pleas of the general issue and plea 3, setting up a release set out in haec verba.

Plaintiff demurred to plea 3 and it being overruled, filed replications thereto from 1 to 9, inclusive, to which defendant's demurrers were sustained. The replications to plea 3, in many forms, is whether there was a valid release under the circumstances averred that would prevent a recovery for the resulting damages alleged in the complaint.

The question recurs, was there error in the ruling of the trial court in sustaining demurrers to replications 1 to 20 inclusive. It is established in this jurisdiction that a releasor cannot repudiate or rescind a release which has been executed without restoring what he has received under such release. Rescission must be in toto and (1) acted upon within a reasonable time after discovery of the facts giving the right of rescission; (2) placing the parties in like position, or so near in like position as the circumstances of the case will permit; and (3) unless this primary duty is excused for reasons recognized by law. Betts v. Ward, 196 Ala. 248, 251, 72 So. 110; Americanized Finance Corp. v. Yarbrough, 223 Ala. 266, 135 So. 448; Barbour v. Poncelor, 203 Ala. 386, 83 So. 130; Birmingham Ry., L. & P. Co. v. Jordan, 170 Ala. 530, 54 So. 280; Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383; Brown v. Supreme Lodge, K.P., 225 Ala. 114, 142 So. 388.

The plaintiff's replication 11 is sufficient, being a full answer to meet the issue of facts set up in plea 3.

Replications 17 and 18 omit the items of expense for hospital and physician service paid by defendant under the contract or release signed by plaintiff, and are subject to demurrer directed thereto, not being answer to the several matters set up in plea 3.

Replications 19 and 20 offering to set off damages, to which plaintiff alleged he was entitled under the rule of respondeat superior, are not sufficient answer for rescission under the general rule of our court. Such rule was stated long ago by Mr. Justice Somerville, in Jones v. Anderson, 82 Ala. 302, 303, 304, 2 So. 911, 912, as follows: "Where a contract imposes some duty not purely personal,—that is, which may be done as well by others as the promisor himself,—his inability to perform, by reason of accident, want of means, insolvency, or other reason, does not excuse non-performance." See, also, Cardinal Hat Co. v. Lande, 228 Ala. 176, 153 So. 196.

It follows that there was error in overruling the demurrer to replication number eleven filed by plaintiff touching defendant's plea setting up the release in question.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.